DOMINICK KRONENBERGER, Respondent *vs.* STEPHEN BINZ, Appellant.

56 121
46a 629
47a 450
56 121
53a 614
56 121
116 136
56 121
74a 291

1. *Account stated—Opened how—Bill must allege what.*—A settlement can be opened only on the ground of fraud, errors or mistakes. And the proceeding for that purpose must specifically set forth such ground.

2. *Settlement—Time of payment extended—Notes given, etc.*—The amount ascertained by a settlement becomes due from the date thereof; and where by the terms of the settlement the debtor agrees to give his note payable at a day named for the amount found to be due, but fails to give the same, the debt accrues immediately.

*Appeal from St. Louis Circuit Court.*

*T. & L. Gottschalk and E. C. Kehr,* for Appellant.

*Jecko & Hospes,* for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action on an account stated. The petition alleges, that upon a settlement between the parties, the defendant was found to be indebted to the plaintiff in the sum of twenty-four hundred dollars. The answer of the defendant was a denial of all the allegations of the petition.

Upon the trial the plaintiff introduced evidence conducing to prove that there had been a settlement of accounts between himself and the defendant in June, 1869, and that upon such settlement the defendant was found to be indebted to him in the sum of twenty-four hundred dollars, for which he promised to give him two promissory notes, at one and two years, with eight per centum per annum interest from their date. When the notes were applied for, the defendant refused to give them. The evidence on the part of the defendant tended to prove that there was no such settlement. The defendant also offered to impeach the alleged settlement by showing that there was no consideration for the amounts claimed by plaintiff upon which the alleged settlement was based; but the court excluded this evidence and the defendant excepted. This suit was commenced in September, 1869. The defendant asked an instruction in the nature of a demurrer to the evidence, which the court refused. He also asked an instruction—which the

court refused—to the effect that, although there may have been a settlement by which the defendant agreed to execute two notes to the plaintiff at one and two years from the date of the settlement, yet if this suit was brought before the expiration of one year after the settlement, the plaintiff cannot recover. Instructions were also given on both sides to the effect that if there was an accounting and settlement, as stated in the petition, and the defendant was found to be indebted to the plaintiff, the verdict ought to be for plaintiff; and if there was no such settlement, the verdict ought to be for the defendant. The jury found a verdict for the plaintiff. Defendant filed a motion for a new trial, which was overruled, and he excepted. A final judgment was rendered on the verdict, which on appeal to the General Term was affirmed.

There was no error in excluding the evidence to impeach the settlement. There was no foundation laid in the defendant's answer upon which this evidence could be admitted. A settlement is conclusive and can only be opened on the ground of fraud, or for errors or mistakes. The only issue in this case was whether there was a settlement or not. To impeach a settlement, the bill or answer for that purpose must specifically set forth the fraud, errors or mistakes complained of. (See Moore & Porter vs. McCullough, 8 Mo., 401; Stoughton vs. Lynch, 2 J. Ch. R., 218; 4 Vesey, 411.) The evidence offered was irrelevant to the issue and was therefore properly excluded.

The amount found in favor of the plaintiff by the settlement was due from that time. But the defendant had the right to extend the time by the execution of his notes to the plaintiff in payment of the sum found to be due. On his failure to do this, a right of action immediately accrued to the plaintiff.

On the whole record, the judgment appears to be for the right party.

Judgment affirmed. All the judges concur.