Quinlan v. Keiser.

QUINLAN et al. v. KEISER et al., Appellants.

**Equity Jurisdiction to open Settlements**: PLEADING. An action to open a settlement of joint account transactions cannot be maintained, if it appears that the plaintiff was aware, when he made the settlement, of the facts on which he bases his claim to relief; and this is true although that defense is not set up in the answer.

*Appeal from St. Louis Court of Appeals.*

Plaintiffs and defendants engaged in the purchase and sale of whisky on joint account. Defendants did the buying. A settlement was made and the profits were divided on the basis of eighty cents per gallon as the cost of the whisky. Its actual cost to defendants was but seventy cents per gallon. This suit was brought to open the settlement and have the account re-stated. The petition charged that defendants were guilty of fraud, misrepresentation, and concealment as to the cost of the whisky. The answer denied these charges, and averred that plaintiffs, when they made the settlement, knew that it only cost seventy cents.

*Martin & Lackland* for appellants.

1. Respondents have no equity, having finally settled the account and got their money upon it, when, at the date of the settlement, they had knowledge of the only two matters of which they complain in this case. It has no analogy to the Pomeroy & Benton case. It is a case of

settlement after actual knowledge of the matters complained of; not a reasonable opportunity to acquire such knowledge. The trial court having settled this issue of fact for appellants, this court will not disturb the finding. *Sharpe v. McPike*, 62 Mo. 300.

*T. Z. Blakeman* for respondents.

1. Appellants had a positive duty to perform towards the respondents, to-wit: The duty of making a full disclosure to the respondents of all facts within their knowledge touching the original cost of the liquors. Such duty was not discharged at any of the various accountings, including the last, and, not having been discharged, the last accounting cannot be held final and conclusive, or operate as an estoppel upon the respondents. *Pomeroy v. Benton*, 57 Mo. 531; Story. Eq. Jur., (Redfield's Ed.) §§ 523, 527, 528.

2. Respondents had the full right to rely and act upon the statements made to them by the appellants concerning the cost of the liquors, and to disregard contrary statements made to them by third parties; and if they did so rely and act upon such statements at the last accounting, and did disregard the statements of third parties, appellants cannot complain of respondents' conduct, or urge it against them as an estoppel. *Pomeroy v. Benton*, 57 Mo. 531.

3. Respondents insist that the last accounting does not bar respondent's right to recover their portion of the original overcharge on the liquors, unless respondents actually intended at the time to forego their claims thereto, and both knew and believed that such overcharge existed. *Grumley v. Webb*, 44 Mo. 445.

SHERWOOD, C. J.—The object, sought by this proceeding, was to have opened the settlement of an account on the ground of fraud, and to have a new account restated, &c. The referee found that defendants had been guilty of undue concealment in dealing with plaintiffs in regard to

the whisky purchased on joint account, and that the relations of trust and confidence existing between the parties, demanded the fullest disclosure; but the referee also found that plaintiffs were apprised of the fact that defendants had acted towards them in a manner not consonant to equity and good conscience; and this knowledge was acquired anterior to the settlement now sought to be opened. Upon this state of facts, his opinion was that plaintiffs had no standing in a court of equity. The circuit court adopted this view, and dismissed the petition. This judgment was affirmed at general term, but on appeal, the Court of Appeals, on the ground that the report of the referee could not be applied to the pleadings, reversed the judgment and remanded the cause. In other respects than the one just noted, the opinion of the Court of Appeals sustains the report of the referee. It seems to us that the view taken by the referee is the correct one; that it is quite immaterial how inartistically drawn is the answer of defendants, since it is apparent that let the answer be what it will, plaintiffs' cannot be successful. We have been cited by counsel for plaintiffs to the case of *Pomeroy v. Benton,* (57 Mo. 531,) but, whatever parallelism there may be between the two cases in other respects, it is certain that, in the particular referred to, there exists none whatever; for in that case Pomeroy had no reason to suspect the fairness of the balance sheet presented; here on the plaintiffs' own showing, they had every reason to believe that they had been wrongly treated, and yet made not the slightest objection to the settlement now asked to be opened. In instances such as these, courts of equity invariably apply the maxim: "He who did not speak when he should have spoken, shall not be heard, now that he should be silent." Holding then, that the inexcusable laches of plaintiffs has barred them of whatever right to equitable relief they may once have possessed, we reverse the judgment of the Court of Appeals, and affirm that of the circuit court.

All concur, except Hough and Henry, J., not sitting.

REVERSED.