Theresa Eccard v. Alfred E. Brush et al., ex'rs.

*Facts equally known to decedent—Accounting—Settlement of claims.*

In a suit against executors, upon transactions with their decedent, the surviving party to the transactions cannot testify to matters equally within the knowledge of the decedent, but of no other person. Comp. L. § 5968: Act 155 of 1875.

A bill for an accounting does not present a case for equitable relief unless the proof shows an agreement sufficiently clear and distinct to support it.

Courts should not discourage the recognition of merely moral obligations by proceeding as if they could have been enforced at law.

A complainant on a bill for an accounting; having intelligently accepted a fair payment as a full settlement of all claims, ought not to be permitted to repudiate the settlement.

Appeal from Superior Court of Detroit. Submitted January 12. Decided April 5.

Bill for accounting. Complainant appeals. Dismissal affirmed.

*Thomas D. Hawley, Atkinson & Atkinson* and *John Atkinson* for complainant.

*F. A. Baker* for defendants.

Marston, J. The bill in this case was filed against the defendants as executors of and trustees under the last will

and testament of Edmund A. Brush, and also against them in their own right for an accounting and to compel them to pay over a certain sum of money claimed by the complainant.

In October, 1863, Francis Eccard, now deceased, the husband of complainant, leased from Edmund A. and Alfred E. Brush a certain lot in the city of Detroit, for the term of four years at an annual rental of fifty dollars, with the right in the lessors at the end of the term to purchase the buildings and improvements thereon at a valuation not to exceed eight thousand dollars, and if they did not purchase, then the lease was to be renewed upon a new rental to be agreed upon, with a like agreement at the expiration of the renewed term and so on.

After the decease of Francis Eccard, there being rent due and in arrears upon this, and also upon another lease between the same parties, the complainant, as sole devisee of Francis Eccard, by an indorsement in writing on the lease, surrendered to the surviving lessor, Edmund A. Brush, all interest under the lease in consideration of a discharge from the performance of any of the covenants thereof by Mrs. Eccard.

At this time the property had a valuable warehouse thereon, of perhaps the value of twenty-five hundred dollars, which had been erected by Francis Eccard, and the premises had been sub-let to third parties at an annual rental of six hundred dollars and upon which lease certain rents were due and unpaid.

The claim now made is that the surrender was made as a security merely, and that the rents and profits under the sub-lease should be accounted for and paid over.

The executors of the estate of Edmund A. Brush in 1877 caused the warehouse erected on the lot by Francis Eccard to be appraised, and from the appraised value deducted certain rents and paid Mrs. Eccard the balance, but denying at the same time that Mrs. Eccard had any legal or equitable claim therefor.

This case being against the executors of the estate of Edmund A. Brush, deceased, Mrs. Eccard could not testify

·as to matters equally within the knowledge of Edmund A. Brush; her testimony, therefore, cannot be considered.

With this left out, the complainant utterly fails to prove such a clear and distinct agreement as is required in order to afford· equitable relief. *Van Wert v. Chidester* 31 Mich. ·208. Indeed, even if we should consider complainant's tes. timony, there would still remain such doubt that the relief prayed for could not be granted. Neither was there anything so unconscionable or inequitable in the settlement made with Edmund A. Brush in November, 1874, and the ·surrender made in accordance therewith, that should cause a court of equity to look with suspicion upon that transaction. Nor can the appraisement and payment made by the executors in 1877 assist in creating a liability in this case. They but recognized a moral obligation, and courts should not be inclined to discourage such transactions by treating them as the recognition of a right which could be enforced by judicial proceedings. The complainant, it would seem, fully understood what was then done, and accepted what was paid as a full and complete settlement of all claims, and she should not now be permitted to repudiate such settlement.

The decree must be affirmed with costs.

The other Justices concurred.