F. A. CANNON, Respondent, v. L. SANFORD, Appellant.

St. Louis Court of Appeals, February 9, 1886.

1. EQUITY—MISTAKES—NEGLIGENCE.—Equity may refuse to relieve against mistakes in a statement of account, made in settlement, which are the direct result of the gross negligence of the person who makes them.

2. ———— LACHES—ATTORNEY AND CLIENT—ESTOPPEL.—An attorney who renders an account to his client, running through several years, admitting an indebtedness to her, but who fails and neglects to pay the same, is, after he has been sued for the balance, estopped, by his laches and negligence, from setting up, as an equitable defence, in his amended answer, mistakes made by him in her favor.

APPEAL from the Cape Girardeau Court of Common Pleas, R. L. WILSON, Judge.

*Affirmed.*

SAM. M. GREEN, for the appellant: But if there be any mistake, or omission, or accident, or fraud, or undue advantage, by which the account stated is vitiated and the balance is incorrectly fixed, a court of equity will not suffer it to be conclusive on the parties, but will allow it to be opened and re-examined. 1 Story's Equity Jur. (5 Ed.) sect. 523; Adams Eq. (5 Am. Ed. sects.) 227–8, and side notes. Mistakes of attorneys touching matters peculiarly within their own knowledge have been corrected by courts of equity, so as to conform to the intention of the parties. Adams Eq., sect. 170; *Rhodes v. Outcalt*, 48 Mo. 367; *Welday v. Jones*, 79 Mo. 170; *Boon v. Miller*, 16 Mo. 457. When a court of equity obtains jurisdiction of a cause, for any purpose, it may proceed with the whole case and decide it upon its merits, and, therefore, under the evidence the account should have been opened. *Keeton v. Spradling*, 13 Mo. 321; *Corby v. Bean*, 44 Mo. 379.

W. H. MILLER, for the respondent : Equity will not relieve against mistakes which arise from culpable negligence. Redfield's Story, sect. 146 (8 Ed.) ; 2 Pomeroy Eq. Jur., sect. 820 ; 3 Pomery Eq. Jur., sect. 1421 ; 1 Poth. Ob. 269, sect. 2 ; *Brown v. Fagan*, 71 Mo. 368.,

THOMPSON, J., delivered the opinion of the court.

This is an action for the sum of $881.29, being the balance due upon a final account and settlement, stated and rendered by the defendant to the plaintiff, covering transactions by the defendant on behalf of the plaintiff, as her attorney and business agent, during the preceding ten years. This suit was instituted in August, 1884. Subsequent to the institution of the suit, the defendant made the plaintiff two payments in part liquidation of this balance, namely, three hundred dollars, on September 12, 1884, and four hundred dollars, on September 22, 1884, leaving a sum due, according to the account rendered by him, of $181.29, for which judgment was rendered. From this judgment the defendant appeals.

In January, 1885, the defendant filed an amended answer, setting up as an equitable defence and counterclaim, that these two payments, made since the bringing of the suit, were made by mistake, and asking to recover them back ; also setting up in substance the following matters : That in the rendition of the final account showing the balance sued for, he had by mistake neglected to obtain credit for a fee of one hundred and fifty dollars, entered on the credit side of his final account, until the rendition of said account, whereby the plaintiff had been allowed, for the period of some nine years, which had elapsed since the service for which the fee was charged was rendered, compound interest on an amount equal to this sum ; in other words, that this credit should have been taken as of September 12, 1876, instead of its being taken as of the date when the final account was rendered. Also, that the defendant had erroneously charged himself with the sum of five

hundred dollars, in November, 1875, and had erroneously charged himself with interest on that sum from the twelfth day of September, 1874, to the time of the rendition of the final account, amounting to four hundred and twenty-seven dollars. Also, that his services were reasonably worth forty dollars per annum, and that by mistake he had failed to take credit for this sum at the end of each year since the twelfth of September, 1876, instead of taking credit for the round sum of one hundred and thirty-five dollars, being fifteen dollars per year for nine years, as he had done in the final account. And he prayed that the court would hear evidence and correct these mistakes, and render him a judgment for the amount which should be found due him.

The case was tried by the court as a case in chancery, and on the trial, the plaintiff put in evidence the final account which had been rendered to her by the defendant, ending with the words, "Balance due Miss Cannon in money, $881.29." Also, three apologetic letters by the defendant to the plaintiff, dated respectively, February 11, May 16, and June 17, 1884, asking for further time, and promising to pay the amount due her. The last of these letters was objected to, on what ground we can not understand, for it was a solemn admission by the defendant against his interest, touching the subject matter of the suit, and, as such, was clearly competent.

The defendant, to sustain this equitable defence and counter-claim, testified as follows: "I was employed by Miss Florence A. Cannon as her general attorney in 1874, and continued as such until 1884. I paid her taxes, loaned her money, and collected and paid her bills often. I rendered her statements at different times, and also the one on which this suit is instituted, and made the different payments. When I took charge of the plaintiff's business, she gave me a note on Z. M. Lapierre and Judge W. C. Ranney, for about $1,200, with instructions to collect or secure. Both parties were

insolvent. I succeeded, after a considerable time, in getting a new note with security that Miss Cannon approved. For this service I told her I would charge her one hundred and fifty dollars. I have collected the interest on this note up to the time I turned it over to her in 1884. In my different statements I never obtained any credit for this fee, or for my charges for annually looking after her interests. These credits were by mistake omitted until my final statelement, which is on file in this cause. I did not discover the mistake in the omission to calculate interest thereon, until a very short time before the trial here at court. I had not discovered this mistake when the last payment was made, or I would not have made this payment. When getting ready for court, I was trying to get ready to pay the balance on this stated account, and when looking over the copy of the statement kept by me, I ascertained for the first time that I had obtained no credit for the fee in the case against Lapierre until the final statement, when my credit should have been in 1876 I also noticed that I had not obtained annually my fee for attention to the business of the plaintiff, but had omitted both until this final statement. I, then, for the first time, noticed that I had lost the interest on all sums she owed me, while the money of the plaintiff in my hands had borne compound interest all the time."

His testimony on cross-examination showed that the plaintiff had relied upon him entirely touching the business which she had placed in his hands; that he rendered her statements from time to time touching the same; that he could have taken credit for the amounts claimed in his answer as having been omitted in his final account by his mistake, if he had desired.

In rebuttal, the plaintiff's attorney testified that about two weeks before the trial the defendant had shown him a second statement prepared by the defendant, which corresponded with the one filed in the suit, and said he would pay the balance before court.

The only ground on which this appeal is prosecuted

thus appears to be that the circuit court erred in not allowing the defendant to take credit for the sums for which he claims to have omitted by mistake to take credit in his final account. It seems too plain for discussion that this defence is a mere afterthought of an agent who has used in his own business the moneys of his principal, and who, having all the facts in his own breast, has rendered a final account and found himself unable to pay a small balance remaining due. The jurisdiction of courts having equity powers to correct mistakes in such settlements is, of course, not doubted; but, laying out of view other considerations, it is sufficient to say that equity does not exert this jurisdiction to relieve a person whose mistake has been the result of gross neligence on his part. This, to say the least, is the position of the defendant in this case. Aside from this, it will be perceived that the defendant offered no evidence in support of any of his alleged items of mistake, except the ones relating to the omission to take credit for the interest upon an amount equal to the one hundred and fifty dollars fee, and upon an amount equal to his annual compensation, and as to these, he admits that he had failed to take any credit for them whatever in the various statements which he had rendered to her during the preceding nine years, although he states that he told her that he would charge her one hundred and fifty dollars, and that she made no objection. The evidence affords no materials upon which a court could go back during these long transactions and say that the defendant, as a matter of equity, would be entitled to have the account re-stated so as to get compound interest upon the amount of this fee from the date when the services were rendered. This claim rests upon no better ground than that the defendant had been allowing her compound interest on moneys of hers which he had held in his hands during that time. But he could have taken credit for the fee at the proper time, in his accounting with her, and prevented this result; and, having failed to do this, and having offered no excuse for such failure,

it must be ascribed to his own negligence. For a court of equity to allow him to wait until after the plaintiff has been put to the delay, vexation, and expense of having to bring suit to collect a balance admitted to be due by him to her as her agent, would not be equity, but it would be against conscience; and such a demand, set up after such a lapse of time, and under such circumstances, is wholly inconsistent with that *uberrima fides* which equity exacts of such a fiduciary as the defendant was.

The judgment will be affirmed. It is so ordered. All the judges concur.