ELMER A. KENT *et al.*, Respondents, v. SAMUEL A. HIGHLEYMAN, Appellant.

St. Louis Court of Appeals, January 17, 1888.

1. REFERENCE—JUDICIAL DISCRETION.—The making of a reference is discretionary with the trial court, and this discretion will not be interfered with, unless it has manifestly been abused.

2. ——— MULTIPLICITY OF ITEMS.—Where, in a suit on an account stated, the defendant questions only three of the items, there is no such multiplicity of either items or issues as will call for a reference.

3. ACCOUNT STATED—LETTERS E. & O. E.—The letters, " E. & O. E.," in the margin will not divest an account of its character as an account stated, if the paper conforms with other requisites of that character, and shows a precise balance due.

4. ——— ADMISSION OF BALANCE CLAIMED.—Where a stated account is rendered many months before suit brought upon it, and the defendant makes no objection to any items until after the commencement of the suit, the jury are authorized to infer that the defendant has admitted the correctness of the balance claimed.

5. SETTLEMENT—SPECIFIC ERRORS.—A defendant who attacks a settlement made must point out specific errors or mistakes, and cannot re-open the account by a general challenge of the balance charged, or by a reservation in his answer that mistakes might be detected upon investigation.

6. PRACTICE—CUMULATIVE INSTRUCTIONS.—It is not error to refuse cumulative instructions.

APPEAL from the St. Louis Circuit Court, HON. DANIEL DILLON, Judge.

*Affirmed.*

H. S. PRIEST, for the appellant: The court erred in refusing a reference to state the account between plaintiffs and defendant. The account rendered on October 30, with the accompanying letter, did not, even though unexcepted to within a "considerable

time," constitute an account stated. There was not an agreement upon a precise and definite sum. *Lane v. Hill*, 18 Ad. & Ell. (N. S.) 252; *Kirton v. Wood*, 1 Mood. & Rob. 253; 2 Greenl. Evid., sec. 126, *et seq.*; 65 Mo. 658; 67 N. Y. 162. The abbreviations, "E. and O. E.," prevented this. Moreover these abbreviations, which mean errors and omissions excepted, waived the necessity of an objection on the part of the defendant to the account as rendered within a reasonable time after its receipt. The defendant was advised by the account rendered, that all errors and omissions should be corrected. The court erred in refusing to admit evidence on the part of defendant to show mistakes and omissions in other items of the transactions between plaintiffs and defendant than the three specified in the answer. *Wiggins v. Burkham*, 10 Wall. 131; *Brown v. Kimmel*, 67 Mo. 430; *Powell v. Railroad*, 65 Mo. 658; *Champion v. Joslyn*, 44 N. Y. 656. The court erred in giving instructions numbered one and two, at plaintiffs' request. Number one is objectionable in this phrase: "And if you also believe that the defendant received such account and retained it for a considerable period of time without objections thereto," etc. The expression, "a considerable period of time," is too indefinite. It is not a legal term. Number two is erroneous in this phrase: "And you believe said account showed the correct balance due by defendant to plaintiffs, October 30, 1882." *Sullivan v. Railroad*, 88 Mo. 169.

CAMPBELL & RYAN, for the respondents: The court did not err in refusing a reference of this case. It properly exercised the discretion to refer, which is vested in the trial judge. *Fitzpatrick v. Hayward*, 50 Mo. 516; *Briscoe v. Kinealy*, 8 Mo. App. 76; *Schmidt v. Rose*, 6 Mo. App. 579; *Dooley v. Barker*, 2 Mo. App. 325. This account, rendered October 30, 1882, showed a precise balance due, and the circumstances attending its receipt and detention by defendant all went to make it under the law an account stated. *Brown v. Kimmel*,

68 Mo. 431; *Lockwood v. Thorne*, 11 N. Y. 173; s. c., 18 N. Y. 289; *Wiggins v. Burkham*, 10 Wall. 129; *Chisman v. Count*, 2 M. & G. 307; *Ward v. Farrelly*, 9 Mo. App. 370; *Kent v. Highleyman*, 17 Mo. App. 9. An account stated is, *prima facie*, correct, and the party claiming it to be incorrect must specifically point out in his pleadings the errors charged, and only those will be considered by the court. *Kronenberger v. Binz*, 56 Mo. 121; *Taylor v. Haling*, 1 Cox, 435; *Drew v. Powers*, 1 Sch. & Lef. 192; *Chambers v. Goldwin*, 9 Ves. 266; 6 Waite on Actions and Defences, 427. In *Johnson v. Curtis* (3 Bro. C. C. 226), Lord Thurlow held that to go behind an account stated the specific errors must be charged, and the fact that the words, "errors excepted," were written upon the account did not vary the rule. The first instruction was amply justified by the evidence. *Tyler v. Larimore*, 19 Mo. App. 445; *Campbell v. Railroad*, 16 Mo. App. 553; *Brown v. Railroad*, 13 Mo. App. 463; *Otto v. Railroad*, 12 Mo. App. 168; *State ex rel. v. Fubbering*, 6 Mo. App. 586. There is no merit in the fifth point made by counsel. The instruction therein referred to was properly refused. *Condon v. Railroad*, 78 Mo. 567; *Shaffner v. Leahy*, 21 Mo. App. 110; *Norton v. Moberly*, 18 Mo. App. 457.

Rombauer, J., delivered the opinion of the court.

This is an action to recover a balance claimed to be due upon an account stated. The account sued on and filed with the petition is as follows:

Mr. S. L. Highleyman, Sedalia, Mo.    In account with E. A. Kent &
    To October 30, 1882.          Company. St. Louis, Mo.

| DATE. | AMOUNT. | DATE. | AMOUNT. |
|---|---|---|---|
| 1881. | | 1881. | |
| Nov. 1, To balance from last statement · | $3,224.25 | Nov. 10, By cash·interest on note J. T. Heard........$ | 25.00 |
| Dec. 8, To 5000 May Corn Chicago....... | 443.75 | Dec. 16, By Balance note R. W. Keyle. | 101.50 |
| 1882. | | Dec. 19, By One year Int. on 2 year note of Swart..... | 37.50 |
| Oct. 30, Interest to November 1, 1882. | 246.28 | 1882. | |
| | $3,914.28 | Jan. 24, By one year Int. on 1 year note of Swart..... | 37.50 |
| | | June 21, By Note, Annie Swartz....... | 375.00 |
| | | June 21, By Int. on above 12–18, 1881, to date.......... | 19.00 |
| | | July 13, By note, Annie Swartz...... | 375.00 |
| | | July 13, By interest ·on above....... | 19.00 |
| | | Aug. 25, By check, J. A. Mann, in payment Heard note, May 1, 1881, renewed Nov. 7, 1881.. | 500.00 |
| 1882. | | Aug. 25, By Int. on same. | 65.00 |
| Oct. 30, To balance Dr... | $2,359.78 | Oct. 30, By Bal. down... | 2,359.78 |
| E. and O. E. | | | $3,914,28 |

             E. A. Kent & Co. P.
             St. Louis, Oct. 30, 1882.

The petition states that the balance of $2,359.78 was reduced by a subsequent credit of $1,340.50, leaving a balance of $1,019.28, which, with interest, is sought to be recovered in this action.

The answer denies any indebtedness; denies that the parties ever had any accounting together, or that they ever stated the account; admits the credit of $1,340.50 as a just credit, but denies the balance. It

avers that the dealings between the parties extended over a period of more than two years and involves the examination of a complicated account of many items, and concludes as follows :

"Defendant further avers that among other items entering into said account, that the plaintiffs have erroneously charged him with a sum of $406 on the twenty-sixth day of August, 1881, and the further sum of $768.75, on the second day of September, 1881, and the further sum of $1,431.25, on the twenty-seventh day of October, 1881.

"That the defendant ought not to be bound by a specification of the said several mistakes in plaintiffs' account, in exclusion of others which he verily believes could be detected, had he the opportunity of examining and inspecting plaintiffs' books and accounts referring to the transactions between him and the plaintiffs.

"Wherefore, he prays this court to appoint a master, or referee, to take and state an account between plaintiffs and defendant, concerning their said several dealings, from the year 1881 to 1883, inclusive, that is to say, from the beginning to the closing of their business dealings, and that he have judgment for whatever balance may be found due him upon a statement of such account, and for such other and further relief as to the court may seem just and proper in the premises."

After filing his answer the defendant made a formal motion in writing to refer the cause to a referee, assigning for ground of the motion that the issues involved the examination of a long and complicated account. This motion was overruled by the court. The cause was thereupon tried before a jury, who found a verdict for plaintiffs for the amount claimed in their petition.

The errors assigned are that the court erred in overruling defendant's motion to refer ; that there was no legal evidence of an account stated between the parties ; that the court erred in refusing evidence offered by the defendant to show other mistakes in the account than

the three specified in the answer; and that the court erred in its instructions to the jury.

The first point must be ruled against the appellant. In *Fitzgerald v. Hayward* (50 Mo. 525), the Supreme Court, in construing the statute, says: "The court is not bound, in any case, to make a reference; the statute is not mandatory, but directory, and it rests in the discretion of the court whether, in a proper case falling within the provisions of these sections, it will order a reference." This case has not been questioned, and is in itself controlling. It is only a gross abuse of discretion which would authorize an appellate court to interfere. None such is shown in this case. The plaintiffs sue on an account stated, and must recover on that theory, if at all, and the defendant's answer only questions three of the items in the account. There was neither a multiplicity of issues nor items to call for a reference. *Schmidt v. Rose*, 6 Mo. App. 578.

The second point must likewise be ruled against the appellant. The mere fact that the account furnished contained the letters, "E. & O. E.", shown to mean "errors and omissions excepted," does not the less constitute the account a stated account, if it conforms with other requisites of such a paper, and shows a precise balance due. *Johnson v. Curtis*, 3 Bro. C. C. 266; *Young v. Hill*, 67 N. Y. 176. There was evidence showing that the account sued on was sent to the defendant October 30, 1882, and that he subsequently promised to pay the balance. The defendant denies that he received this account at any time, but his answer admits its receipt in the following terms: "The defendant says * * * that, on the thirtieth day of October, 1882, the plaintiffs rendered to him a statement of account, which is *marked as an exhibit and filed with plaintiffs' petition herein*, which purported to state an approximate or estimated balance of $2,359.78, as due by the defendant to plaintiffs;" and again: "defendant avers that the *said statement of account so rendered at said date* has errors therein and omissions therefrom," etc.

There was also evidence showing that no objections were made by the defendant to the account so rendered at any time prior to the institution of this suit, which was many months afterwards, and the jury were authorized from that fact alone to infer that the defendant admitted the correctness of the balance as claimed by plaintiffs. *Kent v. Highleyman*, 17 Mo. App. 9, and cases cited.

Touching the third point made by appellant, it appears by the record that every opportunity was offered him to challenge the correctness of the three items specifically pointed out in the record as incorrect. If there was a settlement, which is the theory of plaintiffs' petition, and the theory on which the case was submitted to the jury, it was incumbent upon the defendant, who seeks to avoid it, to point out specific errors or mistakes. *Kronenberger v. Binz*, 56 Mo. 122. He cannot reopen the entire account by a simple challenge of the balance, nor by a reservation in the answer, as attempted here, "that he ought not to be bound by a specification of the said several mistakes in plaintiffs' account which he verily believes could be detected," etc. There is, therefore, no merit in defendant's complaint on that account.

As to the instructions, it appears that the case was submitted to the jury fairly on instructions presented by both parties in support of their respective theories of the evidence. The defendant complains that the first instruction given for plaintiffs is incorrect in containing this objectionable phrase, "and if you also believe that defendant received such account, and retained it for a considerable time without objection thereto," etc. Conceding that the use of the words, "for a considerable period of time," was inappropriate, it is not apparent how the defendant was prejudiced thereby, since he failed to show that he made any objection to the account prior to the institution of the suit, which was June 4, 1883, more than seven months after the rendition of the account.

Nor is there any merit in the objection that the court erred in refusing to instruct the jury as to the legal definition of an account stated. The instruction presented by defendant on that subject is one approved by the Supreme Court in *Powell v. Railroad* (65 Mo. 660). The court might have given it with propriety, but refused to give it, as the record states, because it was presented with a number of other instructions after the court had settled the instructions first presented, and for the further reason that the instructions already given fairly and fully presented and covered the issues to be considered by the jury.

It appears that the defendant first asked six instructions, three of which the court gave. Among the instructions thus given were the following:

"1. That the action is brought upon an account stated, and the plaintiff is not entitled to recover thereon unless the jury believe, from the evidence, that an amount definite and certain had been agreed on between the parties, or stated by plaintiff and assented to by the defendant."

"3. That an account stated is a sum fixed and determined by consent or acquiescence of the parties."

Thus it will appear that the court had already instructed the jury, both as to the nature of the action, and as to the meaning of an account stated, in the very terms requested by the defendant, and was under no obligations, either to multiply the instructions on that subject, or to elaborate the definition in instructions subsequently asked.

Judgment affirmed. All the judges concur.