WM. B. MARMON *et al.*, Respondents, v. ELBERT O. WALLER, Appellant.

### Kansas City Court of Appeals, April 17, 1893.

1. **Account Stated: WHAT IS: CONCLUSIVENESS.** An account stated is an agreement and acknowledgment that a certain sum of money or balance is due one of the parties and an express or implied promise to pay it, and is conclusive and can only be challenged for fraud or mistake.

2. ———: **PLEADING: ANSWER: FRAUD.** In an action on an account stated, where fraud or mistake is relied on, the answer must specially set forth the fraud, errors or mistakes complained of.

3. ———: **OPENING OF: FACTS IN KNOWLEDGE OF PARTY.** An account stated will not be opened if the party was aware when he made the settlement of the facts upon which he bases his claim for relief; nor can the added words: "This settlement is correct according to our understanding at this time, but should anything occur we are amicably to settle it," render it any the less a stated account.

4. ———: **INTEREST: HARMLESS ERROR.** In this case the account should have drawn interest from the date of the settlement, and an instruction directing interest from the plaintiffs' qualification as executor was error in favor of defendant.

*Appeal from the Platte Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*Samuel Hardwicke* and *N. B. Anderson*, for appellant.

(1) We insist that the evidence in this case discloses the fact that the statement mailed to the deceased by defendant was not a final settlement of all matters between them; that it was only a statement of how the cash account stood at that day—and that Waller continued in his capacity of trustee of the funds, as agent of decedent after that date, the same as before. (2) For Waller's services in taking charge of those funds, and in handling them, he was entitled to compensation. *Dougherty v. Whitehead*, 31 Mo. 255; *Kincheloe v. Priest*, 89 Mo. 240. (3) The mere fact that such a statement as the one sued on was made, is not conclusive. Even the giving of a note or a receipt in full is not conclusive, but may be explained by testimony *aliunde*. Wood on Evidence, 673; *Clay v. Fields*, 138 U. S. 464, 480-1; *Jackson v. Stockhouse*, 1 Cowen, 122; *Grunley v. Webb*, 44 Mo. 444; *Bigbee v. Combs*, 64 Mo. 529. (4) The court finds that this was an "account stated." If so, under the law, Waller was liable for interest on the amount stated from January 1, 1887, as we have seen. Did Marmon, the deceased, have in his mind that Waller should pay interest on money which he had left in Waller's "charge?" Certainly not.

*D. C. Allen* and *Jas. W. Coburn*, for respondents.

(1) An account stated is a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contract or some fiduciary relation. 1 American & English Encyclopedia of Law, p. 108; Bouvier's Law Dictionary. The doctrine of accounts stated applies not only to merchants, but to all other persons. *Shephard v. Bank*, 15 Mo.

151. Signature to the account or express admissions are not necessary. 1 American & English Encyclopedia of Law, p. 116; 6 Wait's Actions and Defenses, p. 424; *Powell v. Railroad*, 65 Mo. 658. (2) The balance in an account stated is principal; it cannot be re-examined to ascertain the items or their character. 1 American & English Encyclopedia of Law, p. 124, and cases cited; *Orr v. Hopkins*, 1 Pac. Rep. 181; *Auzerais v. Naglee*, 15 Pac. Rep. 372. The defendant cannot go behind the settlement and show up the merits of the antecedent transaction. *Koegel v. Givens*, 79 Mo. 79. The mere fact that the account furnished the letters "e. and o. e." shown to mean "errors and omissions excepted," does not the less constitute the account a stated account, if it conforms with the other requisites of such a paper, and shows a precise balance due." *Kent v. Highleyman*, 28 Mo. App. 619. Upon proof of settlement, a promise by the debtor to pay the balance found due will be implied. *Koegel v. Givens*, *supra*. (3) In the absence of actual fraud, where an account, though erroneous, has been rendered and a balance struck, and the parties have settled their differences, and neither within a reasonable time objects, the settlement cannot be impeached. American Digest, 1889, p. 19, par. 16; *Smith v. Ogilvie*, 5 N. Y. Sup. 382. What is a reasonable time? 1 American & English Encyclopedia of Law, p. 121, and notes; *Powell v. Railroad*, *supra*. (4) An account stated will not be opened if the party was aware when he made the settlement of the facts upon which he bases his claim for relief. 1 American & English Encyclopedia of Law, 126, and cases cited; *Quinlan v. Keiser*, 66 Mo. 603; *Cannon v. Sanford*, 20 Mo. App. 590; 6 Wait's Actions & Defenses, 428; 1 American & English Encyclopedia of Law, 109–124. (5) The grounds for opening the settlement must be specifically set forth in the

pleadings. *Kronenberger v. Binz*, 56 Mo. 121; 6 Wait's Actions & Defenses, 427, 429. The burden of proving fraud or mistake is on the party impeaching the settlement.

SMITH, P. J.—The plaintiffs, who are the executors of the estate of John H. Marmon, deceased, sued the defendant for $1235.60 based on the following writing as an account stated: "This is to certify that J. H. Marmon and myself have this · * * * settled our accounts, and I find I, E. O. Waller, owe J. H. Marmon $1284.07 on the first day of January, 1887, and J. H. Marmon owes me (E. O. Waller) $48.47, leaving balance due J. H. Marmon, January 1, 1887, $1235.60. This settlement is correct according to our understanding at this time, but should anything occur we are amicably to settle it." On the back of this is the indorsement, in the handwriting of J. H. Marmon, "Statement of E. O. Waller."

The answer of the defendant admitted the delivery of the statement sued on, but alleged that the defendant was a business agent of the testator and that at the time of the delivery of said statement the testator was indebted to defendant in several amounts for services previously rendered the latter as his agent which were not included in said statement, etc. Defendant claims that these amounts should be deducted from the amount of the balance shown to be due by the settlement.

The undisputed evidence proved that the statement sued on was found after the death of the testator among his evidences of debt. The testator's death occured on September 28, 1888, more than a year after the settlement shown by the statement sued on was made. The defendant over the objection of the plaintiffs adduced evidence tending to show that he had loaned money for the testator, paid taxes and attended to other matters for the latter prior to the date of the statement.

No instructions were asked or given. The court found for the plaintiff the amount sued for with interest thereon from Nov. 12, 1888.

The written statement upon its face shows all the essential elements of an account stated. It is the well settled law that an account stated is an account between debtor and creditor therein, in which a sum of money or a balance is agreed on and an acknowledgement by one in favor of the other of a balance or sum certain to be due and an express or implied promise to pay the same by one to the other. *Powell v. Railroad*, 65 Mo. 658; *Railroad v. Kimmel*, 58 Mo. 83; *Shepherd v. Bank*, 15 Mo. 143; 6 Wait's Actions and Defenses, 424. Under the facts as we have stated them to be, it may be well presumed that the testator acquiesced in the correctness of defendant's statement. *Powell v. Railroad, supra.*

The defendant's contention is that he had a right to go behind the settlement and show items of indebtedness on the part of the testator to him upon the theory that the same was open to impeachment. The defendant's contention cannot be upheld. A settlement is conclusive and can only be challenged on the ground of fraud or mistake. *Kroneberger v. Binz*, 56 Mo. 121; *Kent v. Highleyman*, 28 Mo. App. 614; *Hawkins v. Long*, 74 N. C. 781; *Kock v. Bonitz*, 4 Daly (N. Y.) 117; *Stephen v. Cushman*, 35 Ill. 186; *Horan v. Long*, 11 Tex. 230. And the answer for that purpose must specially set forth the fraud, errors or mistakes complained of. *Kroneberger v. Binz, supra; Moore & Porter v. McCullough*, 8 Mo. 401. The answer entirely omits all of these essentials. No such defense is pleaded. The evidence introduced by defendant was manifestly inadmissible under the answer.

But this error was in the defendant's favor. Not only this but the law is further that an account stated will not be opened if the party was aware when he made the settlement of the facts upon which he bases

his claim for relief. *Quinlan v. Keiser*, 66 Mo. 603; *Carmon v. Sanford*, 20 Mo. App. 590; 6 Wait's Actions and Defenses, 428; 1 American & English Encyclopedia of Law, 126, and cases there cited. It cannot be doubted that the defendant knew at the time of the settlement of the existence of the testator's indebtedness to him. It is impossible that these matters could then have been out of his mind. "He who did not speak when he should have spoken shall not be heard now, that he should be silent."

Under these circumstances a court of conscience would hesitate long before allowing such claims and especially so where the mouth of the other party to the settlement is dead. Nor do we think the words: "This settlement is correct according to our understanding at this time, but should anything occur we are amicably to settle it" render the account any less a stated account, since as we have seen by the authorities that the other requisites of such paper shows a precise balance due. *Kent v. Highleyman*, 28 Mo. App. 619.

The defendant complains of the action of the court in adjudging that he pay interest on the balance shown to be due the testator by the settlement from April 28, 1888, the date the plaintiffs qualified as executors of the testator's estate. According to our understanding of the evidence the defendant was liable to pay interest from the date of the settlement. No reason is perceived why this should not be so. But, if the action of the court in this respect was error, it was an error in favor of the defendant.

The only error urged in the motion for the new trial was that the finding of the court was against the evidence which we do not think was the case. It is our opinion that the judgment was for the right party and should be affirmed, which is ordered accordingly. All concur.