McDANNEL *v.* BLACK.

1. JUDGMENTS—PROBATE COURTS—RES JUDICATA.

The general principle of *res judicata* applies to the orders of the probate court on final accounts of executors and administrators.

2. SAME—COLLATERAL ATTACK.

The orders of the probate court are judgments, *res judicata* of the matter involved, and cannot be attacked collaterally.

3. SAME—ACCOUNTS.

The allowance of an account in probate court is an adjudication of each item in it.

4. SAME—EVIDENCE.

Except on appeal from findings and orders made by the probate court, no other court may inquire into the sufficiency of the testimony to determine whether it sustains them nor whether they were supported by any evidence.

5. SAME—RES JUDICATA.

A judgment, to constitute a bar to a claim in a subsequent action, must be rendered upon the merits, upon the same matter in issue and between the same parties or their privies.

6. SAME—RES JUDICATA AS TO WHOLE CASE.

Where a matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to bring forward their whole case and will not permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as part of the subject in contest, but was omitted through negligence, inadvertence or accident.

7. SAME—RES JUDICATA APPLICABLE TO MATTERS NOT BROUGHT FORWARD.

The plea of *res judicata* applies, except in special cases, not only to points as to which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation and which the parties exercising reasonable diligence, might have brought forward at the time.

8. ACCOUNTING—FRAUD—OMISSION—SETTLEMENT.

A settled account is conclusive between the parties unless some fraud, mistake, omission or inaccuracy is shown but if the party seeking relief was aware of the facts at the time of settlement of the account, then the subsequently sought relief will be refused.

9. EXECUTORS AND ADMINISTRATORS — EXTRA COMPENSATION — RES JUDICATA.

Executor who failed to properly present his claim for extra services and adjudication was had disallowing same and no amendment sought in either probate or circuit courts, may not, after his removal and when estate is ready to close, be heard on petition for fees for same services (3 Comp. Laws 1929, § 15929).

10. SAME—PAYMENT OF CREDITOR'S CLAIM—REVISION OF EXECUTOR'S CLAIM FOR EXTRA COMPENSATION.

Fact that creditor's claim against estate which had not been paid and such was given as reason for denial of executor's claim for fees for extraordinary services has since been paid *held*, insufficient to require revision of adjudication as to executor's compensation (3 Comp. Laws 1929, § 15929).

Appeal from St. Clair; Robertson (William), J. Submitted October 30, 1934. (Calendar No. 38,092.) Decided January 29, 1935.

In the matter of the estate of Frank S. Beckton, deceased. Thomas S. Scupholm, former executor, presented his claim for fees for extraordinary services and for allowance of a certain item. Arthur C. McDannel, administrator *de bonis non* and William Isabel, administrator with the will annexed, for one of the legatees moved to dismiss petition. Motion denied in probate court. On appeal to circuit court in the nature of certiorari, motion was granted. Clair R. Black, probate judge, appeals. Affirmed.

*Cady & Pepper,* for appellant.

*D. R. Carrigan,* for appellee McDannel.

*Stewart & Black,* for appellee Isabel.

Bushnell, J. Thomas S. Scupholm was the sole executor named in the last will and testament of Frank S. Beckton, deceased, and as such administered the estate from April 15, 1929, until November 30, 1932, when he resigned at the request of the probate court which had taken under advisement a petition for his removal. He later filed four accounts covering successive periods of his administration, with which he presented an unsworn statement of claim for executor's fees in the sum of $1,250. Objections were filed by a distributee and by a creditor. The final account, with the exception of the claim for extraordinary services and another item of no moment here, was allowed. The court said:

"And a further objection is made, that the executor, through his negligence, should not be entitled

to fees for services. The executor filed a letter, attached to which is a statement claiming for his fees and extra services a total of $1,250. This does not comply with the statute in reference to claim for extra services. The court finds that the executor's fees, as allowed by the statute, would amount to $336.15. This was computed on the amount of the personal property, plus the income as set forth on the executor's accounts. The executor has taken credit for two items of fees in his accounts, namely, $496 and $262, a total of $758, and the court deems that amount is sufficient and disallows any further or other compensation.''

It therefore appears that, although the petition for extra compensation was not in proper form, the executor was allowed more than the statutory fee.

One of the approved items of the account was a sum of $362.50 which had been paid by the executor to Mrs. Sarah Beckton, mother of the deceased and a life tenant under the will. Early in the administration of the estate a disagreement arose as to the propriety of payments to Mrs. Beckton, and in settlement thereof an agreement dated April 22, 1930, was entered into between the executor and the legatees under the will by which such sum was agreed to be a proper charge against the estate. There was, however, at the time of this agreement, an unsatisfied creditor of the estate, the Commercial Securities Company, which was not a party thereto. At the hearing this creditor objected to the allowance of the item. The probate court allowed the item, saying nothing of the rights of the creditor.

On appeal to the circuit court the executor's fees were reduced to the statutory sum, the court holding that as the petition for extra compensation did not comply with the requirements of 3 Comp. Laws 1929, § 15929, no extra compensation was justified and further, that the executor, by having amended

his petition on appeal to the circuit court so as to make it comply with the statute, did not enlarge his rights. The court said:

"No claim under this statute was filed in the probate court. The executor sought by amendment to have such claim presented in this court. No such broadening of the issues can be allowed on this hearing and the claim for extraordinary services is disallowed."

As to the $362.50 item, the court held that

"This payment of $908.64 (which included, in addition to the $362.50 item, another not important to this appeal) or any part of it, cannot be allowed as against the interest of the claimant. With the claim of the Commercial Securities Company satisfied, the $362.50 paid under the ratification agreement would be a proper charge."

There was no appeal taken from this determination, nor from the order of the probate court entered in accordance therewith. In May, 1934, the estate being almost ready to be closed, the former executor Scupholm filed in the probate court two petitions, one for payment to him of $1,215 for extraordinary services for which he had previously been denied recovery; the other requesting that as the claim of the Commercial Securities Company had been satisfied, he now be allowed the item of $362.50 with which he had previously been charged. Isabel, administrator with will annexed, for one of the legatees, and administrator *de bonis non* McDannel, who was appointed following the resignation of Scupholm, moved to dismiss these petitions. The motion was denied by the probate court but the circuit court on appeal in the nature of certiorari ordered the motions granted. From this order the probate judge appeals. The question is whether, as held by the

circuit court and denied by the probate court, the former adjudication as to these items makes the question *res judicata* at this time. The general principle of *res judicata* applies to the orders of the probate court on final accounts of executors and administrators. We said in *Heap* v. *Heap,* 258 Mich. 250:

"The orders of the probate court are judgments, *res judicata* of the matters involved, and cannot be attacked collaterally. *Chapin* v. *Chapin,* 229 Mich. 515. The allowance of an account is an adjudication of each item of it. *Hall* v. *Grovier,* 25 Mich. 428. The probate court determined, as it had to do to render the judgments, that the administrators had paid all debts, allowances, and residue reported by them. The finding of the payment of claims and residue is binding on the interested parties and is not open to question in a collateral proceeding. *Clark* v. *Fredenburg,* 43 Mich. 263. Except on appeal, no other court may inquire into the sufficiency of the testimony to determine whether it sustains the findings and orders nor, indeed, whether they were supported by any evidence. *Morford* v. *Dieffenbacker,* 54 Mich. 593; *Egan* v. *Grece,* 79 Mich. 629; *Holden* v. *Lathrop,* 65 Mich. 652. The orders, therefore, were judgments that the receipts were valid. The only procedure by which a court of equity may inquire into the account is on bill to set aside the orders for fraud."

See, also, *MacKenzie* v. *Union Guardian Trust Co.,* 262 Mich. 563.

Whether *res judicata* is applicable to the case at bar depends upon: (1) Whether the previous determination was on the merits of the cause, for in *Tucker* v. *Rohrback,* 13 Mich. 73, the Chief Justice, using the language of plaintiff's counsel, Thomas M. Cooley, stated the rule to be:

"That a judgment, to constitute a bar to a claim in a subsequent action, must be rendered upon the

merits, upon the same matter in issue, and between the same parties or their privies, is unquestionable."

(2) Whether it is necessary in this State that the point in controversy shall have actually been litigated in the prior suit or if it is sufficient that the party had an opportunity to present the claim or defense? This question was answered in *Harrington* v. *Huff & Mitchell Co.*, 155 Mich. 139, by quoting from *Henderson* v. *Henderson*, 3 Hare, 100 (67 Eng. Rep. 313), where the vice-chancellor said:

"In trying this question, I believe I state the rule of the court correctly, when I say, that where a given matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to bring forward their whole case, and will not (except under special circumstances) permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as part of the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence, or even accident, omitted part of their case. The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties exercising reasonable diligence, might have brought forward at the time."

See, also, *Jungnitsch* v. *Michigan Malleable Iron Co.*, 121 Mich. 460; *Andreas* v. *School District No. 4, Township of Leavitt*, 138 Mich. 54, and *LaVasser* v. *Chesbrough Lumber Co.*, 190 Mich. 403.

A settled account is conclusive between the parties unless some fraud, mistake, omission or inaccuracy is shown (*Hager* v. *Thomson*, 1 Black [66 U. S.], 80, and *Eccard* v. *Brush*, 48 Mich. 3) ; and if the party

seeking relief was aware of the facts at the time of the settlement of the account, then the subsequently sought relief will be refused. *Quinlan* v. *Keiser*, 66 Mo. 603; *Bruen* v. *Hone*, 2 Barb. (N. Y.) 586; and *Gunn* v. *Byrom*, 107 Ga. 147 (32 S. E. 833).

Both parties admit the application of our first factor, but appellant argues that both the probate and circuit courts recognized the fact that the executor's claim for extra compensation was not presented in the form required by the statute and disallowed it for that reason. Appellee says an examination of the record will show that the executor's claim was presented and determined. Even though it may be argued that the language used by the circuit court seems to indicate a refusal of Scupholm's claim on a technical ground, we gain nothing by an extended review of the question proposed by appellant for the reason that an application of the principles stated shows that Scupholm is too late with his petition.

*Res judicata* applies not only to issues which were determined on their merits, but also to matters which the parties had an opportunity to present for adjudication on the merits. Had Scupholm requested leave to amend in the probate court when he first discovered the defect in his petition, it would have been granted. See *Loomis* v. *Armstrong*, 63 Mich. 355, 366, where we said:

"It was also proper for the court to allow amendments and additions to the account presented for settlement, in furtherance of justice, up to the time the matter was finally submitted to the court for decision."

Or if it had inadvertently failed to do this, the circuit court upon the hearing in the first certiorari proceedings would, at his request, have reserved to

him the right in its decree to file a supplementary petition. See *Cheever* v. *Ellis,* 144 Mich. 477 (11 L. R. A. [N. S.] 296), where these matters are discussed. No one knew better than Scupholm himself of the existence of his claim.

To hold, as we do, that the judicial settlement of an executor's account bars the later assertion of claims for compensation for extraordinary services when the executor is able to show no justifiable excuse of the original omission of the item, will, we hope, help preserve that degree of conclusiveness of the adjudication of final accounts which is necessary for the prompt settlement of estates and yet not unreasonably restrict the presentation of just claims by executors. *Hall* v. *Grovier,* 25 Mich. 428, 436, seems to support this view. That the right to compensation for extraordinary services is given by statute imposes no bar to the operation of the principle of *res judicata.*

Counsel for appellant argue that as the creditor's claim against the estate is now paid and the executor's claim as to this item was denied for the reason that this creditor had not been paid, he is now entitled to its allowance. *MacKenzie* v. *Union Guardian Trust Co., supra,* establishes for the adjudication of an executor's final account a degree of conclusiveness which prevents the application of the theory suggested, it being in effect a request for the revision of the final account because of the happening of a subsequent event. The original adjudication as to this item was on the merits. It determined and established certain rights. To permit revision upon each and every subsequent change in conditions would cause the rights of the several parties to become uncertain, so much so that an executor charged with the further administration of the es-

tate would find correct distribution difficult. Having determined that the question of the executor's claim for compensation for extraordinary services is barred, the same must be said of his subsequent claim for reimbursement for the $362.50 item.

The judgment is affirmed, but without costs.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.