WARREN D. TEED AND MARY ANN TEED ET AL. v. FRANK-
LIN MARVIN ET AL.

*Cancellation of securities given without consideration—Costs.*

A promise to pay is not binding if made without consideration.

A advanced money to his son B who was to support him and his wife for life for the use of it. B' died and A of his own motion went to live with a grandson, C, who took care of him at his own request and not at that of B's executors or for their benefit. But C procured from them notes and a mortgage which he claims were given to pay him for keeping the old people. A had no personal claim against the executors and never proved his claim against the estate or assigned it to C, and it was neither paid nor suspended. *Held* that the securities did not represent a debt and should be given up and cancelled, and a perpetual injunction was granted against their enforcement.

Costs are not granted as against a merely nominal party. So *held* as to a sheriff who had been made a defendant to a bill to cancel securities, on the ground that he was the officer to conduct a mortgage sale.

The division of costs between prevailing parties does not concern the party against whom they are awarded.

Appeal from Ionia. Submitted June 10. Decided June 17.

BILL TO CANCEL MORTGAGE. The bill was dismissed below and complainants appeal.

*Mitchel & Pratt* for complainants.

*Perrins & Baldwin* for defendant Marvin.

CAMPBELL, C. J. This bill is filed to set aside certain securities, being notes and a mortgage given by Warren D. Teed and his mother Mary Ann Teed to Franklin Marvin. Mattison is the sheriff of Ionia county, who is joined as the officer conducting mortgage sales. Warren D. and Mary Teed are executor and executrix of George P. Teed, deceased.

Marvin claims the securities arose in this wise: He claims that Solomon Teed, his own grandfather and father of George P. Teed, in 1867, or about that time, came to Michigan with his wife to live with his son George, to whom he had advanced about $1,000, and who was to support him and wife for life for the use of this money. George died in 1868, and the old gentleman not caring to live with the family, it was arranged by him to go and live in New York with Marvin. Marvin procured from complainants Warren and Mary notes for $600 and interest, which he claims were given to pay him for his undertaking to keep the old people. In 1875 Marvin through his attorney, procured a mortgage from them for $875 to secure the same notes, which were renewed by a new one. Complainants claim that all these were without consideration and extorted by pressure.

We can find no consideration for these securities. Solomon Teed had no personal claim against complainants. He never proved his claim against George Teed's estate, and never assigned it to Marvin. The notes which Marvin took were not for anything due by the makers, and neither they nor the estate derived or could derive any advantage from them. Solomon's claim was neither paid nor suspended. Marvin did not assume charge of his grandfather at the request or for the benefit of complainants, but only at the request of the old man.

The notes represented no debt, and were purely voluntary. The urgency whereby they and the subsequent mortgage were obtained was somewhat earnest, but inasmuch as no promise to pay can be supported without consideration, it makes no great difference how they were obtained. They do not bind the makers. The circumstances need not be set forth in detail, because the defendant Marvin does not assert any facts which could save them.

The decree below must be reversed with costs of both

41 MICH.—28.

courts against defendant Marvin, and a decree must be entered for the surrender and cancellation of the securities, and a perpetual injunction against their enforcement. No costs will be awarded against the sheriff, who is but a nominal party. Technically it may be doubted whether the costs should go to all the complainants, but as it can make no difference to defendant how they are divided, and as the estate was interested to some extent, we shall not separate them.

The other Justices concurred.