JOHN H. RICE AND JAMES B. STURGIS, EXECUTORS, ETC.,
v. WILLIAM H. HOSKING, JR.

*Constitutional law—Probate of will—Notice to foreign consul—Jurisdiction.*

1. Act No. 64, Laws of 1887 (3 How. Stat. § 6812), which makes
it the duty of the judge of probate, in case any of the
heirs of a deceased person upon whose estate administration
is sought, or whose will is sought to be probated, are resi-
dents of a foreign country, to notify by letter the proper con-
sul of such foreign country of the pendency of and the day
appointed for the hearing of the application for letters of
administration or the probate of the will, provides simply
for an act on the part of the probate judge not in conflict
with How. Stat. § 5801, which provides for public notice
by personal service, or publication of the order of the hearing
of such application, and therefore is not in conflict with
section 25, art. 4, of the Constitution, which provides that no
law shall be revised, altered, or amended by reference to its
title only, but the act revised, and the section or sections of
the act altered or amended, shall be re-enacted and published
at length, nor with section 20, art. 4, of the Constitution,
which provides that no law shall embrace more than one
object, which shall be expressed in its title.

2. Only foreign heirs, for whose sole benefit the act of 1887 was
enacted, can take advantage of a failure to give the required
notice, and they may waive such notice at any time before
the estate is closed.

3. In a suit by executors upon promissory notes belonging to
the estate of the testatrix, it appeared that all of the heirs,
except the husband of the decedent and a legatee named in
her will, resided in Canada; that the will was admitted to
probate in the county where decedent died, and where her
husband and said legatee resided; that the judge of probate
failed to give the notice required by Act No. 64, Laws of 1887,
and that no waiver by said foreign heirs of said notice had
been filed. And it is held that the failure of the probate
judge to comply with the statute did not deprive him of jur-

isdiction, which he acquired upon the filing of the petition; that the probate of the will was valid as to all parties living within the United States; that the foreign heirs are the only ones who can have any interest in contesting the will, or in setting aside the probate; that the executors and their bonds-men are liable for all the money collected, which must be distributed under the order and direction of the probate court; that payment to them by debtors is valid, and a complete bar to any further liability; and a judgment in favor of the defendant, upon a finding that the probate court acquired no jurisdiction to probate the will by reason of the failure of the judge of probate to give said notice, is reversed.[1]

4. The circuit judge found that the notes sued upon were executed by the defendant, and delivered to the payee; that the testatrix, at the time of her death, was the owner of the notes, and entitled to recover thereon; and that there was due on the notes the face amount thereof, with interest from their date at a stated rate. The defendant relied solely upon the alleged want of jurisdiction in the probate court to probate the will. And it is held that, if the defendant had other grounds of defense which he considered fatal, he should have requested the court so to find, so that the entire controversy might have been settled upon this appeal; that he chose to rely upon the one point, but for which judgment would have been rendered by the court below for the plaintiffs; and that judgment in their favor should be entered in the Supreme Court.

Error to Houghton. (Hubbell, J.) Submitted on briefs April 4, 1895. Decided May 21, 1895.

*Assumpsit.* Plaintiffs brings error. Reversed, and judgment entered into this Court for plaintiffs. The facts are stated in the opinion.

*Chadbourne & Rees,* for appellants.

*A. T. Streeter (C. R. Brown & Son,* of counsel), for defendant.

GRANT, J. Plaintiffs, as executors, brought suit upon

---

[1] As to the collateral impeachability of findings as to jurisdictional facts on which administration of a decedent's estate is based, see note to *Bolton v. Schriever* (N. Y.), 18 L. R. A. 242.

two promissory notes, dated July 22, 1887, and executed by the defendant, payable to the order of Isaiah C. Watson, and by him indorsed to the order of Martha D. Watson. In the petition filed for the probate of the will, it appeared that some of the heirs of the deceased resided in Canada. Upon the filing of the petition the probate court made the usual order for the hearing under How. Stat. § 5801, and required the same to be published three weeks in a newspaper in Houghton county. The hearing was had within 60 days of the time of filing the petition, and letters testamentary were granted. This law was enacted prior to the Revised Statutes of 1846, and under it the courts of probate of this State have proceeded in the probate of wills. It required public notice by personal service, or by a publication of the order for three weeks, successively, previous to the time appointed.

In 1887 the Legislature passed an act entitled—

"An act requiring judges of probate in certain cases to give notice to foreign consuls of an application for administration in the estate of deceased persons."

This act is as follows:

"Whenever it shall appear upon application to any probate court for letters of administration, or to prove the will of any deceased person, that the heirs at law of said deceased, or any of them, are residents of a foreign country, it shall be the duty of the judge of such probate court to notify the consul resident in this State, if there be one of such foreign nation where the said heir or heirs may reside, and, if no such consul reside in this State, he shall notify the consul of such foreign nation in the city of New York, of the pending of and the day appointed for hearing such application. And such notice may be given by letter addressed to such consul, and deposited in the postoffice, with the postage prepaid thereon, at the city or village where such application was made, at least 60 days before such day of hearing, unless such heir or heirs shall file in such probate court

a waiver of such notice, in writing and under oath." 3 How. Stat. § 6812.

The judge of probate gave no notice as required by this section. The circuit court found, as a conclusion of law, that the probate court acquired no jurisdiction to probate the will by reason of the failure of the probate judge to give this notice. This presents the sole question upon the record.

The plaintiffs' contentions are:

1. If the act of 1887 is to be regarded as an amendment of section 5801, it is an amendment by indirection, and prohibited by section 25, art. 4, of the Constitution, which reads:

"No law shall be revised, altered, or amended by reference to its title only, but the act revised, and the section or sections of the act altered or amended, shall be re-enacted and published at length."

2. It is in violation of section 20 of art. 4, which reads:

"No law shall embrace more than one object, which shall be expressed in its title."

3. The provisions of the act are not mandatory or jurisdictional, but, if mandatory as to foreign heirs, they are not mandatory as to parties and interests within the country.

4. If the provisions be held mandatory, the failure to comply with them can be complained of by foreign heirs only.

1. We think the first two points are not well grounded. While the last act might properly have been passed as an amendment to How. Stat. § 5801, yet it is not necessarily an amendment. It provides simply for an act on the part of the probate judge which is not in conflict with the other provision, and does not, of necessity, change it. Two statutes relating to the same subject will be so construed as to allow both to stand where they do not contain inconsistent provisions, and the provisions of both can be carried out. *Connors v. Iron Co.*, 54 Mich. 168; *Tillotson v. City of Saginaw*, 94 Id. 240; *Merriman v. Circuit Judge*, 96 Id. 606. Section 5801 does not require the hearing on the petition to take place at any specified

time. It cannot be less than three weeks, because there must be three successive weeks' publication previous to the time of hearing. The court may fix the time at 60 days or more from the date of the order, and thus be enabled to comply with the latter statute. We see no repugnancy between the two.

2. The failure of the probate judge to comply with the statute did not deprive him of jurisdiction, which he acquired upon the filing of the petition. Parties interested in the estate were residents of Houghton county. The object of the statutory notice, while the proceeding itself is in nature *in rem*, is to give the heirs and legatees, and others interested in the distribution of the property of the estate, an opportunity to be heard. Debtors of an estate are not parties in interest, within the meaning of the statute. They are not concerned in the proceedings any further than to protect themselves by the payment of their debts to the proper representatives of the estate. Although the notice may be insufficient, and the proceedings declared void upon seasonable objection by a party in interest who has not waived it, yet an appearance will waive the defect, and bind all those who so appear. As to the parties in interest living in Michigan, the notice was sufficient. The finding of facts states that "none of the foreign heirs filed any waiver of such notice." Whether they appeared at all in the case is not shown. The petition stated the residence and postoffice address of each heir living in Canada. They may appear at any time before the estate is closed, and file their waiver. They can only be interested in the probate of the will, which affects the distribution of the property. The court below held the proceedings in the probate court absolutely void. It must be conceded that these foreign heirs might have appeared in the probate court at any time after the judgment in this case was rendered, waived the notice, and thus validated the entire proceeding. We would thus have the anomalous situation of a valid decree in the probate

court, probating the will, and authorizing the executors to collect the estate, and a judgment in the circuit court, in a collateral proceeding, holding the decree void, and cutting off the estate from a large portion of its assets. Certainly, the Legislature did not contemplate such a situation. Obviously, the statute was enacted for the sole benefit of foreign heirs, and it is but reasonable to hold that they are the sole persons who can take advantage of a failure to comply with its provisions. Other heirs, legatees, creditors, and debtors are neither benefited nor injured by this requirement that the judge of probate shall write and send a letter which may or may not result in notice to the foreign heirs.

The statute of Wisconsin is the same as section 5801, above referred to. In *O'Dell v. Rogers,* 44 Wis. 136, the supreme court of that state, in an able and exhaustive opinion, has discussed the jurisdiction of probate courts, and the effect of a failure to publish the notice within the time required by the statute. In that case the publication fell short of the statutory three weeks, and it was held that the decree admitting the will to probate was valid as to all who were duly notified, or who appeared and assented to the proceedings. An infant heir was not represented upon the hearing, and it was held that she could not be charged with laches, consent, or ratification during minority. After she became of age she filed a petition in the probate court alleging want of notice of the time and place of probate, by personal service or due publication, and alleging acts of fraud to impeach subsequent proceedings of the executors, and denying the jurisdiction of the probate court, and prayed that the probate of the will, and all subsequent proceedings, be set aside. Her petition did not question the validity of the will, or its due proof, and asked relief only consistent with a valid probate. It was held that her petition and complaint operated as an assent and submission on her part to such probate and appointment. It was there said that—

"The death of the testator gives to courts of probate general jurisdiction; and proof of the domicile and situation of the estate, both the general jurisdiction of the subject-matter and jurisdiction of the particular case;" and "that whenever the courts, deciding upon the question of the effect, upon a decree of the court of probate, of a want of notice to persons in interest, or of their non-appearance, use the word 'void,' it is used, not in the sense of an absolute nullity, but of invalidity, and as to such persons only."

Many authorities sustaining this proposition are there cited and commented upon.

In the present case the executors have given a bond; the probate of the will was valid as to all parties living within the United States; the foreign heirs are the only ones who can have any interest in contesting the will, or in setting aside the probate; the executors and their bondsmen are liable for all the money collected, which must be distributed under the order and direction of the probate court; and payment by debtors to them is valid, and a complete bar to any further liability.

3. The judgment must be reversed, but it is insisted by the defendant that a new trial should be ordered. We cannot agree with this contention. The case was tried before the court without a jury, and the judge made the following findings:

"From the testimony in the case, the court finds that the notes offered in evidence were executed by the defendant, Hosking, and delivered to the payee therein.

"That the said Martha D. Watson, at the time of her decease, was the owner of said notes, and that there was and is now due thereon the face amount thereof, with interest from the 22d day of July, 1887, at 7 per cent. per annum.

"That Martha D. Watson, the deceased person represented by the plaintiffs, had become and was, at the time of her decease, the owner and holder of the notes described heretofore, and was entitled to recover upon the same against the defendant."

It thus appears that the merits of the controversy upon

the evidence were determined by the circuit court in favor of the plaintiffs, and the only ground upon which judgment was rendered for the defendant was that above stated. If the defendant had other grounds of defense which he considered fatal, he should have requested the court so to find, so that the entire controversy might have been settled upon this appeal. He chose to rely upon the one point, but for which judgment would have been rendered by the court below for the plaintiffs.

It follows that the judgment must be reversed, and judgment entered in this Court for the plaintiffs, with the costs of both courts.

The other Justices concurred.