### BULL v. HEPWORTH.

COMPROMISE AND SETTLEMENT — ESTATES OF DECEDENTS—CONSIDERATION—FRAUD.

In the absence of fraud or overreaching, the compromise of a claim against the estate of a decedent, made to avoid the expense of litigation by one in possession of the entire property under a conveyance made by the deceased to take effect at his death, is supported by adequate consideration, and is not subject to rescission in equity.

Appeal from Cass; Des Voignes, J. Submitted January 13, 1910. (Docket No. 53.) Decided February 3, 1910.

Bill by Eunice Bull against Josephine Hepworth for the cancellation of a note and mortgage for fraudulent representations. From a decree dismissing the bill, complainant appeals. Affirmed.

*John R. Carr*, for complainant.

*Clyde W. Ketcham* (*John W. Adams*, of counsel), for defendant.

Cornelius Terwilliger owned a farm of 80 acres in Cass county, upon which he resided for a number of years, and up to the time of his death, which occurred November 18, 1907. He had no children, and died intestate. His wife had died several years earlier. Complainant, his niece, and a widow, worked for him for six months in the year 1904, and after his wife's death returned to him in October, 1905, remaining until his death in the capacity of housekeeper. On October 31, 1907, about two weeks before his death, Terwilliger deeded his farm to complainant. This deed was not delivered, but was held by the justice of the peace who took the acknowledgment, and delivered to complainant after the funeral. The deed contained the proviso: "This deed, to take effect at my death." Defendant had made eight trips from her home in Kansas to nurse and care for Terwilliger and his wife. These visits together covered a period of about two years. They were made at the request of Terwilliger, and under a promise of remuneration, as shown by numerous letters from him to defendant. After the funeral defendant made a claim to complainant that Terwilliger was indebted to her for her services in nursing him and his wife, and for expenses of travel between Kansas and Michigan, incurred by her at Terwilliger's request. The parties had several conferences about the matter, and it was finally agreed between them that complainant should give defendant a note for $1,000, secured by a mortgage on the south half of the farm, in full satisfaction for defendant's claim against Terwilliger's estate. On December 3, 1907, this note and mortgage were executed by complainant. It was recorded on December 5, 1907, and two days later, complainant filed her bill herein, seeking to set aside said note and mortgage for fraud and lack of consideration. At this time no administration had been asked for upon Terwilliger's estate, and complainant was in undisputed possession thereof, personal as well as real. The only known claim against the estate was that of defendant.

BROOKE, J. (*after stating the facts*). The record discloses absolutely no evidence of fraud or overreaching on the part of the defendant. There is, then, but one question remaining for determination.

Can one who is in possession of the entire estate of a decedent settle and compromise a claim against the estate, and is the forbearance to sue said claim a sufficient consideration for the payment of the sum agreed upon in settlement? This question should, we think, be answered in the affirmative. The case of *Teed* v. *Marvin*, 41 Mich. 216 (2 N. W. 20), relied upon by the complainant, is clearly distinguishable from the case at bar, and the long line of decisions cited by complainant, to the effect that claims against an estate are barred unless presented within the time limited for that purpose, have no application. Here, immediately after Terwilliger's death, complainant, who is in possession of his entire estate (an estate clearly burdened in her hands with all the just debts of Terwilliger), effects a compromise of defendant's claim, with the particulars of which she is fully familiar, for the purpose of avoiding the expenses of administration and (possibly) an expensive legal controversy over said claim. There surely is no reason, either in law or equity, which would not uphold and encourage such settlements, in the absence of fraud. The forbearance of defendant to present her claim was an adequate consideration for the payment to her of the money agreed upon. In *Van Dyke* v. *Davis*, 2 Mich. 145, this court said:

"It is a principle well established that the compromise and settlement of an asserted claim involved in legal controversy, be it never so doubtful, constitute a sufficient consideration for the settlement, and for any obligations given by one party to the other in consideration of such settlement"—citing *Weed* v. *Terry*, 2 Doug. (Mich.) 344 (45 Am. Dec. 257).

See, also, *Wehrum* v. *Kuhn*, 61 N. Y. 623; 8 Cyc. p. 505, and cases cited.

We are of opinion that complainant was fully advised of her rights in the premises, and that she made a wise adjustment with defendant.

The decree is affirmed, with costs.

HOOKER, MOORE, McALVAY, and BLAIR, JJ., concurred.