SPEATH *v.* MERCHANTS' LIFE INSURANCE CO.

1. FRAUD—REMEDIES FOR FRAUD.
    A party may affirm the transaction in which he has been defrauded, retain what he has received by it, and recover damages in an action of tort for injuries arising out of the fraud, or he may rescind, by putting the other party *in status quo ante,* or tender thereof, and sue on the original contract.

2. COMPROMISE AND SETTLEMENT—RESCISSION—TENDER.
    Since an action at law brought on the original contract by a party defrauded in a settlement agreement would amount to a rescission of the settlement, tender back of the amount received thereon would be a condition precedent to such action.

3. SAME—ACTION FOR FRAUD AND DECEIT—TENDER NECESSARY.
    Even though the action be in form for fraud and deceit, if damages are sought on the claim of rescission, a tender back is a condition to recovery.

4. INSURANCE—RESCISSION OF FRAUDULENT SETTLEMENT—TENDER NECESSARY.
    An action by a beneficiary for fraud and deceit in the settlement of a claim under an insurance policy amounted to rescission where the *ad damnum* clause made claim for damages to be determined specifically from the contract on the theory that, because of insurer's fraud, the balance unpaid was due under the policy, and therefore may not be maintained without tender of the amount received.

Error to Huron; Boomhower (Xenophon A.), J. Submitted October 16, 1928. (Docket No. 54, Calendar No. 33,978.) Decided December 4, 1928. Rehearing denied March 29, 1929.

Assumpsit by Olga Speath against the Merchants' Life Insurance Company on a policy of insurance. Judgment for plaintiff. Defendant brings error. Reversed, and no new trial ordered.

*Knappen, Uhl & Bryant,* for appellant.

*Kinnane & Leibrand,* for appellee.

Fead, C. J.  In March, 1925, plaintiff's husband applied to defendant for a policy of life insurance. In the application and medical report he represented that he did not use intoxicating liquors and had not been drunk within three years.  A policy for $5,000 was issued by defendant, with plaintiff as beneficiary.  Mr. Speath died December 5, 1926.  Defendant, receiving information that his personal habits had not been as represented, sent its general counsel to see plaintiff on January 12, 1927.  After some negotiations a settlement was reached, reduced to writing and executed by plaintiff, under which defendant paid her $2,850 and she surrendered the policy and waived all further claim thereunder.

Without tendering or offering back to defendant the amount she had received in the settlement, plaintiff commenced this suit on May 23, 1927.  Her declaration, in substance, set up the issuance of the policy and her claim that Speath told defendant's agent he used alcoholic beverages once in a while and the agent inserted the false answers in the application without his knowledge; that Speath's habits were also known to defendant before the policy was issued, through an independent report to headquarters; that, with such knowledge, it executed the policy and later collected all the premiums due it from Speath; that defendant's general counsel practiced a fraud upon plaintiff by inducing her to accept settlement upon representations by him that defendant was under no obligation to pay any part of the policy because the false answers of the insured regarding his drinking habits voided it, and, if plaintiff commenced suit, she would incur

great expense and would recover nothing; that because of plaintiff's inexperience in business matters she relied upon his representations; that she did not know the facts regarding defendant's knowledge of Speath's habits before the policy was issued; that Speath was only a moderate user of alcoholic beverages and he never concealed from nor misrepresented to defendant, or any of its agents, his habits in regard to the use thereof; and concluded:

"Plaintiff further says that by reason of the aforesaid misrepresentation, deception and fraud that she has a right to recover the balance of the amount due her under the aforesaid policy of insurance, to-wit, the sum of $2,150, together with the interest on the same from the 5th day of December, 1926, and damages in the amount of $3,000."

Plaintiff had verdict of $2,150 and judgment was entered thereon, with interest added. Defendant moved for verdict and judgment notwithstanding verdict, on the ground, among others, that plaintiff could not maintain the action without tender, before commencement of suit, of the amount received by her on the settlement.

It is an established and conceded rule that a party may affirm the transaction in which he has been defrauded, retain what he has received by it, and recover damages in an action of tort for injuries arising out of the fraud; or he may rescind, by putting the other party *in status quo ante,* or tender thereof, and sue on the original contract. It is also an established and conceded rule that suit at law brought on an original contract would amount to a rescission of a settlement agreement covering such contract, and that tender back of the amount received on settlement would be a condition precedent to such action. The authorities are numerous, and

the following are cited merely by way of illustration: *Pangborn* v. *Insurance Co.*, 67 Mich. 683; *Barnhardt* v. *Hamel*, 207 Mich. 232; *Randall* v. *Railway Co.*, 215 Mich. 413; *Cole* v. *Oatman*, 234 Mich. 128.

Even though the action be in form for fraud and deceit, if damages are sought on the claim of rescission, a tender back is a condition to recovery. *Kimble* v. *Gillard*, 177 Mich. 250.

Defendant contends that the suit is on the policy. Plaintiff asserts it is an action in tort for fraud and deceit. The statement of cause, of action in the declaration is not inconsistent with either contention. The allegations of fact constituting estoppel and fraud may be regarded as appropriate to an action in assumpsit by way of anticipation of patent and inevitable defenses; or could be considered as proper averments in a tort action. The *ad damnum* clause, however, made claim for damages to be determined specifically from the contract upon the theory that, because of defendant's fraud, the balance unpaid was due plaintiff under the policy. The case was tried on that theory. Neither the evidence nor charge of the court suggested any measure of damages other than the difference between the face of the policy and the amount paid on settlement, nor theory of damages distinct from enforcement of the policy. No authority nor rule has been cited to support the contention that such measure of damages is recoverable in an action for fraud in inducing settlement of a contract. The measure is applicable only in case of rescission of the settlement. The purport of plaintiff's pleadings, proof, and theory of trial was to repudiate the settlement agreement, reinstate the policy, and seek recovery of the contract sum, with allowance of credit for the amount already paid. This amounted to a rescission and

plaintiff was not entitled to maintain the suit because she had made no tender of the amount received upon the settlement.

The judgment is reversed, with costs, and without new trial.

NORTH, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.