McMANN *v.* GENERAL ACCIDENT ASSURANCE CORP.

1. JUDGMENT—RES JUDICATA—PROBATE COURT.

Sufficiency of order of approval of probate court, having juris-
diction to settle claim on behalf of estate against tortfeasor,
that settlement was fair and just, may not be inquired into
except by appeal therefrom or by direct attack in equity for
fraud.

2. FRAUD—COMPROMISE AND SETTLEMENT—ACTION.

Order dismissing action at law for fraud in the procurement of
settlement of cause of action for negligent death of plaintiff's
decedent *held,* proper where settlement was approved by order
of probate court having jurisdiction in the premises and such
order has not been vacated or set aside.

Appeal from Huron; Boomhower (Xenophon
A.), J. Submitted April 23, 1936. (Docket No. 58,
Calendar No. 38,881.) Decided June 11, 1936.
Rehearing denied September 2, 1936.

Case by William McMann, administrator of the
estate of Orville McMann, deceased, against General
Accident Assurance Corporation, a foreign corpora-
tion, John A. Howard and Allan Durgis for fraud
and deceit in the procurement of a settlement of a
cause of action. Action dismissed. Plaintiff ap-
peals. Affirmed.

*Walter M. Nelson, Hugh K. Davidson* and *David
E. Kull,* for plaintiff.

*Kerr, Lacey & Scroggie (Paul Woodworth,* of
counsel), for defendants.

Bushnell, J. The controlling question may be stated as follows: May an administrator maintain a suit at law for alleged fraud in the inducement of a settlement release for personal injuries when the settlement was approved by an order of a probate court having jurisdiction in the premises and this order has not been vacated or set aside?

Plaintiff appeals from an order dismissing his declaration, the trial court holding it to be a collateral attack upon the probate order.

Plaintiff, as administrator, was paid $1,000 in full settlement for the unlawful death of his son Orville McMann. This amount he retained and credited upon his *ad damnum* of $30,000, and he seeks a judgment for the balance. He alleges that he "is not suing upon the original cause of action for negligence, but is affirming the transaction or settlement and suing for fraud," and that no tender back is necessary. *Speath* v. *Merchants' Life Ins. Co.,* 245 Mich. 100.

Defendant urges affirmation of the order of dismissal in that the unappealed orders of the probate court made in the exercise of a jurisdiction conferred by law are final and conclusive and cannot be attacked collaterally. *McDannel* v. *Black,* 270 Mich. 305, 310.

The power of the probate court to approve settlements is found in 3 Comp. Laws 1929, §§ 15663, 15782.

"If the probate court had jurisdiction to make the order for compromise and settlement of the infant's claim in the tort action then pending in the circuit court, such order cannot be challenged collaterally. To set aside a settlement made by and under an order of the probate court which it had jurisdiction to make, as unfair or fraudulent, there must be a

direct proceeding for that purpose, a bill in equity.'' *Dudex* v. *Sterling Brick Co.,* 237 Mich. 470.

In the *Dudex Case* it was held that the probate court did not have jurisdiction and therefore its order was void, but in the instant case no other court was exercising jurisdiction when the probate court approved the settlement herein.

The record shows that the facts were given the probate court in the ''petition for settlement'' and the order authorizing the settlement recites ''it being made to appear to this court that the said settlement is a fair and equitable settlement of said cause of action and for the best interests of the estate of the said Orville Arthur McMann, deceased. It is hereby ordered,'' etc.

Appellant argues that the probate court's action in the premises was purely permissive and that its order does not bar this action. No authority, however, is cited. We do not view the probate order of approval in this manner; it was, in effect, a judgment that the proposed settlement was fair and just and except by appeal therefrom or by direct attack in equity for fraud, no other inquiry may be made into its sufficiency. *Morford* v. *Dieffenbacker,* 54 Mich. 593; *Holden, Judge of Probate,* v. *Lathrop,* 65 Mich. 652; *Egan* v. *Grece,* 79 Mich. 629; *Heap* v. *Heap,* 258 Mich. 250; *McDannel* v. *Black, supra,* and *In re Estate of Taylor,* 271 Mich. 404.

Plaintiff may not by indirection accomplish that which he may not do directly.

The order of dismissal is affirmed, with costs to appellee.

NORTH, C. J., and FEAD, WIEST, BUTZEL, EDWARD M. SHARPE and TOY, JJ., concurred. POTTER, J., took no part in this decision.