ADAMS v. ADAMS.

1. EXECUTORS AND ADMINISTRATORS—PROBATE COURT—JURISDICTION
—PETITION.
A probate court acquired jurisdiction to administer an estate
where petition for appointment of an administrator was filed
by a brother of deceased resident of the county in which
estate was present to be administered, petition was regular
on its face and showed no jurisdictional defects.

2. JUDGMENT—COLLATERAL ATTACK—JURISDICTION.
Generally, the proceedings of a court can be attacked collaterally
if the court never acquired jurisdiction of the subject matter
or the persons involved.

3. SAME—COLLATERAL ATTACK.
When a court has acquired jurisdiction, its proceedings may be
attacked only directly by appeal or by a bill in equity.

4. SAME—PROBATE COURT—COLLATERAL ATTACK—BILLS AND NOTES.
In action on promissory note acquired by plaintiff through
probation of estate of payee, defendant obligor may not col-
laterally attack proceedings in the probate court where it had
jurisdiction of the estate.

5. BILLS AND NOTES—EXECUTION—PAYMENT—COLLATERAL ATTACK
OF PROBATE PROCEEDINGS.
Plaintiff who had acquired a promissory note through probation
of estate of payee in probate court which had jurisdiction
of the estate was entitled to summary judgment where de-
fendant obligor admitted valid execution of note and nonpay-
ment thereof, since defendant may not by a collateral attack
contest the proceedings in the probate court.

Appeal from Jackson; Simpson (John), J. Sub-
mitted October 7, 1942. (Docket No. 23, Calendar
No. 42,059.) Decided February 23, 1943.

Void judgment is subject to collateral attack in State where ren-
dered and in other States. See Restatement, Judgments, § 11.
Equitable relief from judgment may be given by proceeding
brought to obtain such relief or, if statutes permit, by equitable
answer by way of defense or counterclaim in action on judgment
or another action. See Restatement, Judgments, § 112.

Assumpsit by Charles F. Adams against Robert H. Adams on a promissory note. Motion for summary judgment denied. Judgment for defendant. Plaintiff appeals. Reversed and remanded for entry of judgment for plaintiff.

*Rosenburg, Painter & Navarre,* for plaintiff.

*John J. Gallagher,* for defendant.

SHARPE, J. This is an appeal from a judgment for defendant in an action instituted by plaintiff, Charles F. Adams, upon a promissory note executed by defendant, Robert H. Adams, and payable to the order of Mabel Phillips.

Mabel Phillips died April 27, 1937. On May 3d following, plaintiff, Charles F. Adams, claiming to be the sole heir of Mabel Phillips filed a petition in the probate court of Jackson county praying for the appointment of an administrator of the estate. At this time plaintiff had a half sister, but had been informed that she was dead. It later developed that she was living. On the same day that the petition was filed, an administrator was appointed without the publication of any notice. Plaintiff as heir at law had waived publication of the notice. The Jackson City Bank & Trust Company was appointed administrator of the estate. The administrator probated the estate, filed an account, and the note in question was by the order of distribution assigned to plaintiff as heir at law.

Plaintiff brought suit upon the note. Defendant filed an answer in which he denied that plaintiff was the sole and absolute owner of the note and alleged that the estate of Mabel Phillips had not been probated. Thereafter, plaintiff filed a motion for summary judgment based upon the affidavit of plaintiff in which it was alleged that the estate of Mabel Phil-

lips was legally administered and the note assigned to plaintiff. Defendant filed an answer to the motion for summary judgment alleging that the probate court of Jackson county had no jurisdiction to probate the estate of Mabel Phillips. The trial court denied plaintiff's motion for summary judgment and an application was filed in the Supreme Court for leave to appeal. Said application was denied without prejudice and the cause was tried on its merits in the circuit court of Jackson county.

It was admitted that the note in question was given for a valid consideration and that said note has not been paid. It appears that prior to the trial of the case at bar, Ruth Williams, the half sister and an heir at law of Mabel Phillips, had filed a bill of complaint in the circuit court of Jackson county against Charles F. Adams and Jackson City Bank & Trust Company. She alleged that she first learned of the death of her sister Mabel Phillips on July 11, 1941, and asked that all proceedings relating to the probate of her sister's estate be declared void; and that she be given a personal decree for the value of her share of the estate. However, since the appeal of the case at bar to the supreme court, this chancery suit has been dismissed by an order of the circuit court of Jackson county entered January 5, 1943.

The trial court held that plaintiff was not a proper party to bring the suit as Ruth Williams was the owner of a half interest in the note and entered a judgment for defendant. Plaintiff appeals.

Defendant relies upon *Gillett* v. *Needham,* 37 Mich. 143, and *Olson* v. *Preferred Automobile Insurance Co.,* 259 Mich. 612, as authority for the proposition that the probate court did not acquire jurisdiction of the estate of Mabel Phillips. In the *Gillett Case, supra,* defendant in a collateral attack to an action by the administrator raised the issue that

the administrator had not been properly appointed. The affidavit of publication of the notice was faulty. It did not comply with the statute in force at that time. An examination of the probate record and file of the estate showed a patent defect in the appointment of the administrator. In the case at bar there is no such showing. In the *Olson Case, supra,* the lack of jurisdiction of the probate court clearly appears upon the face of the petition to appoint an administrator. Neither of the above cases is in point as, in the case at bar, the only irregularity, if any, arose after the petition was filed. In the case at bar, it is unquestioned that Mabel Phillips was a resident of Jackson county at the time of her death; she left an estate in said county to be administered. Plaintiff as brother of deceased was legally entitled to file a petition for the appointment of an administrator. The petition was regular in form and on its face showed no jurisdictional defects. Under such circumstances, the probate court acquired jurisdiction of the estate. See *Rice* v. *Hosking,* 105 Mich. 303 (55 Am. St. Rep. 448); *Chandler* v. *White,* 244 Mich. 532.

It is urged by defendant that he may collaterally attack the validity of the probate proceedings. The general rule is that the proceedings of a court can be attacked collaterally if the court never acquired jurisdiction of the subject matter or the persons involved. It is also the rule that when the court has acquired jurisdiction, its proceedings may be attacked only directly by appeal or by a bill in equity. See *McMann* v. *General Accident Assurance Corp.,* 276 Mich. 108. In the case at bar defendant may not collaterally attack the proceedings in the probate court.

The execution and delivery of the note *ipso facto* exposes defendant to liability. We conclude that

the probate court had jurisdiction to probate the estate of Mabel Phillips; that defendant may not by a collateral attack contest the proceedings in the probate court; and that being so, defendant has not established a defense to the suit upon the note.

The judgment is reversed and the cause remanded to the trial court for entry of judgment in favor of plaintiff for the amount due upon the promissory note. Plaintiff may recover costs.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.