*In re* MERRY ESTATE

DRZEWIECKI v MANUFACTURERS NATIONAL BANK

Docket No. 101163. Submitted November 3, 1988, at Grand Rapids. Decided February 6, 1989.

Thomas L. Merry apparently shot his wife, Jeanna Merry, and then himself. Both died from their wounds. Thomas Merry had a minor son from a previous marriage, Thomas C. Merry, who was the sole beneficiary of a trust prepared by Thomas L. Merry, with the corpus of the trust being the residue of Thomas L. Merry's estate. The estate of Jeanna Merry filed a claim with the estate of Thomas L. Merry, seeking $1,000,000 for pain, suffering, loss of life, and denied earnings and accumulations during the balance of her expected lifetime. Manufacturers National Bank, as personal representative of Thomas L. Merry's estate, filed an objection to the claim on the grounds that it had not been shown that Thomas L. Merry had willingly and intentionally shot Jeanna. Manufacturers subsequently filed a petition with the Grand Traverse County Probate Court seeking authority to settle the claim against it by Jeanna's estate. The guardian ad litem for Thomas C. Merry objected to the proposed settlement, claiming the investigation into the deaths was insufficient and that the settlement as proposed was not in the best interest of Thomas C. Merry. The probate court approved the settlement, finding it reasonable and prudent. The guardian ad litem's motion for rehearing was denied. The Grand Traverse Circuit Court affirmed the decision of the probate court, Charles M. Forster, J. The guardian ad litem appealed by leave granted.

The Court of Appeals *held:*

1. The probate court did not abuse its discretion in approving

REFERENCES

Am Jur 2d, Executors and Administrators § 259.

Power and responsibility of executor or administrator to compromise claim against estate. 72 ALR2d 243.

Power and responsibility of executor or administrator as to compromise or settlement of action or cause of action for death. 72 ALR2d 285.

the settlement. The evidence presented indicated that the settlement was in the best interests of the estate.

2. The trial court did not err in denying the guardian ad litem's petition for rehearing. The petition apparently was brought on the ground that there was newly discovered material evidence which with reasonable diligence could not have been previously discovered and produced. The guardian ad litem failed to produce any such evidence.

3. The trial court gave appropriate consideration to the minor's interests.

4. The guardian ad litem's claim that the personal representative of the estate of Thomas L. Merry was grossly negligent in failing to adequately investigate the shooting deaths is rejected. The record indicates that the personal representative conducted a more than sufficient investigation into the shooting incident.

Affirmed.

1. EXECUTORS AND ADMINISTRATORS — PERSONAL REPRESENTATIVES — CLAIMS AGAINST ESTATE.

A disputed or doubtful claim against an estate can be settled by the personal representative if the settlement is in the estate's best interests and the probate court approves the settlement; it is not necessary that the consent of heirs or other interested parties be obtained before settlement of a claim (MCL 700.734; MSA 27.5734).

2. EXECUTORS AND ADMINISTRATORS — CLAIMS AGAINST ESTATE — PROBATE COURT — COMPROMISES — APPEAL.

Approval of a proposed compromise of a claim against an estate is within the probate court's discretion, and its decision will not be disturbed absent a clear abuse of discretion; the relevant inquiry for the probate court to make with regard to considering approval of a proposed compromise is whether the proposed compromise is in the best interests of the estate (MCL 700.734; MSA 27.5734).

*Rolinski & Kirkpatrick* (by *Ronald J. Kirkpatrick*), for Randall Drzewiecki, Guardian ad litem for Thomas C. Merry.

*Cunningham, Davison, Beeby, Rogers & Alward* (by *George W. Beeby*), for Manufacturers National Bank (Personal Representative of the estate of Thomas Lyle Merry, deceased.)

*Vestevich, Dritsas, McManus, Evans, Payne &
Vlcko, P.C.* (by *Thomas W. Payne* and *William J.
Lamping*), for Estate of Jeanna Merry, deceased.

Before: WAHLS, P.J., and McDONALD and R. I.
COOPER,* JJ.

McDONALD, J. This action concerns a Grand
Traverse probate court's approval of a settlement
claim made by the estate of Jeanna Merry, de-
ceased, for wrongful death against the estate of
Thomas L. Merry, deceased. After conducting a
hearing on August 13, 1985, the probate court
approved a settlement reached between the two
estates over objections by the guardian ad litem
for Thomas C. Merry, minor, the sole beneficiary
of Thomas' estate. The guardian ad litem moved
for rehearing of that decision; the probate court
denied the request. The guardian ad litem ap-
pealed as of right to the circuit court. The circuit
court dismissed the appeal, finding the decision not
appealable as of right to the circuit court. This
Court reversed and remanded by order dated Jan-
uary 26, 1987. Upon remand, the circuit court
affirmed the probate court's approval of settlement
and also approved the probate court's denial of the
guardian ad litem's motion for rehearing. The
guardian ad litem appeals by leave granted from
the probate court's order approving settlement of
the wrongful death claim and challenges the pro-
bate court's order denying rehearing. We affirm.

On December 27, 1983, Jeanna Merry and her
husband, Thomas Lyle Merry, were both shot at
their home. A next-door neighbor was awakened at
approximately 9:45 A.M. by the sound of three or
four gunshots and what sounded like someone

* Circuit judge, sitting on the Court of Appeals by assignment.

screaming. Believing it was only a neighbor's television, he did not investigate the noises.

At approximately 10:05 A.M., the neighbor went outside to clear the snow from his driveway and saw Jeanna lying in the snow in front of the house. No blood was observed at the time and only one set of footprints was seen leading from the residence to where Jeanna's body was found. When later questioned about the gunshots, the neighbor described them as coming from a rifle, rather than a shotgun. The shots were not rapid fire, but spaced about thirty seconds apart. Jeanna died enroute to the hospital after rescue efforts failed.

Soon after the police arrived at the Merry residence, officers went inside to check the house. Thomas Merry was discovered in the bedroom, lying on his side on the floor, about two feet from the bed. Blood spatters could be observed on the carpet toward Thomas' head. A long-barrel weapon, later identified as a .22 caliber rifle, was observed lying on the carpet approximately two feet away from Thomas' feet. Thomas died from a single gunshot wound to the middle of the forehead shortly after being transported to a hospital.

Although the Merrys had no children of their own, Thomas had a minor son, Thomas C. Merry, from a previous marriage. The minor was the sole beneficiary of a trust prepared by Thomas, with the trust's corpus being the residue of Thomas' estate. Following the police department's investigation, it was concluded that Thomas shot Jeanna due to marital difficulties and thereafter shot himself.

Jeanna's estate filed a claim with Thomas' estate, seeking $1,000,000 for pain, suffering, loss of life, and denied earnings and accumulations during the balance of her expected lifetime. Manufac-

turers National Bank, as personal representative of Thomas' estate, filed an objection to the claim on the grounds that it had not been shown that Thomas had willingly and intentionally shot Jeanna.

On February 1, 1985, the annual account filed with the probate court reflected that Thomas' estate was valued at $193,363. On July 30, 1985, Manufacturers filed a petition for authority to settle Jeanna's estate's claim. The guardian ad litem for the minor objected to the proposed settlement, claiming the investigation into the death was insufficient and also that the settlement as proposed was not in the minor's best interest.

A hearing on the settlement proposal was held on August 13, 1985. A trust officer for Manufacturers was the only witness called. The officer believed it was in the best interests of the beneficiary and the estate to settle the claim in order to preserve the assets that remained. In order to arrive at a decision regarding settlement, the officer consulted with family members, persons familiar with the incident, and outside counsel. In addition, police reports were reviewed and a private investigator was hired. Finally, internal discussions and reviews were conducted by Manufacturers.

Upon cross-examination, the officer acknowledged he was not sure how much of the estate would be left for the minor after settlement, estimating that anywhere from $50,000 to $15,000 might be left. He also acknowledged that ballistic and fingerprint tests were not performed. Additionally, pathologists' reports were not reviewed and full postmortem examinations were not performed on the victims. Finally, the officer acknowledged there was no medical evidence that Thomas had been out walking in his bare feet or, alterna-

tively, that wet boots or clothes were found that would have substantiated that Thomas went outside to shoot Jeanna.

The guardian ad litem's attorney declined to offer additional proofs at the hearing, arguing instead that due to the inadequacy of the police department's investigation and the insufficiency of the evidence offered to support the theory that Jeanna had been murdered, the probate court should refuse to approve settlement. It was also suggested that credence should be given to the minor's wishes regarding settlement.

The probate court approved the settlement, finding it reasonable and prudent. The court denied the guardian ad litem's motion for rehearing, holding the guardian ad litem did not present new evidence warranting a rehearing.

On appeal, the guardian ad litem first claims the trial court abused its discretion in approving the proposed compromise, alleging the absence of substantial evidence to support the Jeanna Merry estate's claim. We disagree.

A personal representative has the authority to compromise and settle claims made against an estate and brought by third parties. *Bull v Hepworth,* 159 Mich 662; 124 NW 569 (1910). Although MCL 700.734; MSA 27.5734 requires a fiduciary to seek a court order, and hence a court's approval, in order to settle or compromise a claim, the statute does not indicate the standard by which the court is to evaluate the proposed settlement. Moreover, our review of relevant Michigan case law has failed to uncover a case that specifically determines the appropriate standard. We therefore have looked to decisions in other jurisdictions and have adopted the standard set forth in the Minnesota case, *In re the Estate of Dahle,* 384 NW2d 556 (Minn App, 1986). In *Dahle,* the court considered

the personal representative's authority to compromise claims under the following statute:

> "When a claim against the estate has been presented in any manner, the personal representative may, if it appears for the best interest of the estate, compromise the claim, whether due or not due, absolute or contingent, liquidated or unliquidated." [Minn Stat, § 524.3-813 (1984). *Id.*, p 558.]

Accordingly, a disputed or doubtful claim against an estate can be settled by the personal representative if the settlement is in the estate's best interests. *Id.* It is not necessary that the consent of heirs or other interested parties be obtained before settlement of a claim. *Id.* Approval of a proposed compromise is within the probate court's discretion, and its decision will not be disturbed absent a clear abuse of discretion. *Id.*, p 559. The court in *Dahle* approved the compromise after both "oral and documentary evidence" and the heirs' objections were considered. Finding that the compromise was reasonable and that the overall evidence substantiated the claim, the Minnesota appellate court affirmed, as the trial court's decision did not involve a clear abuse of discretion.

Although, unlike the Minnesota statute, Michigan's statute does not specifically provide for settlement when in the best interest of the estate, we believe this to be the relevant inquiry for the probate court to make with regard to considering approval of a proposed compromise. See also *McMann v General Accident Assurance Corp*, 276 Mich 108; 267 NW 601 (1936). A personal representative is charged with the fiduciary responsibility to see to the estate's best interests, for the ultimate advantage of those beneficially interested in the estate. *In re Abramovitz' Estate*, 278 Mich 271; 270 NW 294 (1936). Although beneficiaries

would ultimately be affected by a compromise, approval rests with the probate court. MCL 700.734; MSA 27.5734. In *In re Marxhausen's Estate,* 247 Mich 192; 225 NW 632 (1929), our Supreme Court held it was within the personal representative's authority to settle a case then pending in circuit court. *Marxhausen* seems to imply that it is the probate court that approves any compromise or settlement, rather than the beneficiaries. However, as parties affected by the settlement, beneficiaries have standing to pose objections to any settlement or compromise.

Reviewing the evidence presented in the case at bar, we believe the probate court did not abuse its discretion in approving the settlement. The probate court considered the objections posed by the guardian ad litem. There was evidence to indicate Jeanna's estate has a viable claim. There was also evidence that evidentiary problems, relating to investigative tests not performed by the police, were taken into consideration by the personal representative in deciding to accept the proposed settlement. In contrast, the guardian ad litem brought forth only arguments or theories regarding the inconclusiveness of the police reports and investigations in determining the person responsible for Jeanna's death. Although given the opportunity to present additional proofs at the August 13 hearing, the guardian ad litem declined to do so, preferring to rely on argument. Settlement was in the best interests of the estate, according to the personal representative, in order to avoid excessive costs and attorney fees that might result from prolonged litigation.

Thus, as the testimony presented at the August 13 hearing indicated settlement was in the best interests of the estate, even considering the guardian ad litem's objections, we believe the probate

court did not abuse its discretion in approving the settlement reached between the two estates.

The guardian ad litem next claims error in the trial court's denial of its petition for rehearing. However, based upon the pleadings, the guardian ad litem's petition appears to have been brought in accordance with MCR 2.611(A)(1)(f) for material evidence newly discovered which with reasonable diligence could not have been previously discovered and produced. This Court will not reverse a trial court's decision to grant or deny such a motion absent an abuse of the trial court's discretion. *Elazier v Detroit Non-Profit Housing Corp,* 158 Mich App 247; 404 NW2d 233 (1987). We find no such abuse in the instant case. The guardian ad litem failed to present any new, material evidence that should have been evaluated by the probate court.

The guardian ad litem next contends the trial court failed to give appropriate consideration to the expressed desires of the minor child, decedent's sole surviving heir and beneficiary. However, although the guardian ad litem was given ample opportunity to present evidence and state his objections to the settlement based on the minor's best interests, our review of the record indicates the guardian ad litem never requested that the probate court interview or call the minor to determine what his wishes were. We therefore find no merit to this argument. Moreover, we find more than ample evidence indicating the court's consideration of the minor's interests.

The guardian ad litem last claims gross negligence on the part of the personal representative as a result of his failure to adequately investigate the shooting deaths. However, the guardian ad litem's failure to first raise this issue at the trial court level, as well as cite authority or policy arguments

on appeal, precludes our review of the same absent manifest injustice. *Richards v Pierce,* 162 Mich App 308; 412 NW2d 725 (1987); *Cramer v Metropolitan Savings Ass'n (Amended Opinion),* 136 Mich App 387; 357 NW2d 51 (1984). We find no such injustice as our review of the record indicates the personal representative conducted a more than sufficient investigation into the shooting incident.

Affirmed.