*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* ESTHER KRATZER REVOCABLE TRUST.

---

RICHARD KRATZER, Successor Trustee of the
ESTHER KRATZER REVOCABLE TRUST,

        Appellee,

v

REBECCA SHEETS,

        Appellant,

and

RACHEL NEELEY and ROGER KRATZER,

        Interested Persons.

UNPUBLISHED
November 14, 2019

No. 346024
Hillsdale Probate Court
LC No. 16-035651-TT

---

*In re* WENDELL KRATZER REVOCABLE TRUST.

---

RICHARD KRATZER, Successor Trustee of the
WENDELL KRATZER REVOCABLE TRUST,

        Appellee,

v

REBECCA SHEETS,

        Appellant,

and

No. 346028
Hillsdale Probate Court
LC No. 18-035924-TT

-1-

RACHEL NEELEY and ROGER KRATZER,

Interested Persons.

Before: MURRAY, C.J., and MARKEY and BECKERING, JJ.

PER CURIAM.

In Docket Nos. 346024 and 346028, petitioner, Rebecca Sheets, appeals as of right the probate court order denying her petitions related to the trusts of her parents, the Esther Kratzer Revocable Trust (Esther Trust) and the Wendell Kratzer Revocable Trust (Wendell Trust), administered by petitioner's brother and the successor trustee of both trusts, respondent, Richard Kratzer.[1] For the reasons that follow, we vacate the probate court order denying the petitions, and remand this matter for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

This case arises from the administration of the two trusts by respondent after the deaths of the parties' parents, Esther Kratzer (Esther) and Wendell Kratzer (Wendell). Esther and Wendell each executed a revocable trust on January 24, 2001. The two trusts are for the most part identical.

However, both Esther and Wendell were named cotrustees of the Esther Trust. Wendell was named the successor trustee, followed by respondent, then the parties' brother, Roger Kratzer (Roger), then the parties' sister, Rachel Neeley (Neeley),[2] and petitioner. If Wendell survived Esther, Esther's assets would be allocated to a marital trust for Wendell and a family trust for the children; if Esther survived Wendell, all of Esther's assets would be distributed to the family trust. Wendell was the only named trustee of his trust during his lifetime, with the children named as successor trustees in the same order. Esther and Wendell owned several farms, which respondent ran with Wendell, so respondent was granted all of the land, livestock, and other farm equipment in the resultant family trust. The remainder of the estates would be divided equally among petitioner, Roger, and Neeley. Both trusts contained provisions requiring the trustee to maintain full and accurate books of accounting of the trust assets, and to render an

---

[1] Petitioner initially filed a petition related to the Esther Trust only, but because the estate of the Esther Trust flowed into the Wendell Trust when Esther Kratzer died, petitioner was later required to file a petition related to the Wendell Trust. The probate court consolidated the two cases. Rachel Neeley and Roger Kratzer are siblings of petitioner and respondent, and the other beneficiaries of the two trusts, but they did not participate in the probate court proceedings or this appeal.

[2] Neeley is identified by what is seemingly her previous last name in the trusts, "Lambertson."

-2-

annual accounting and inventory to the other beneficiaries. Esther died on March 8, 2012, and Wendell died on November 29, 2014.

Petitioner first filed a petition to invoke the probate court's jurisdiction regarding the administration and final distribution of the Esther Trust on November 15, 2016. Petitioner alleged that respondent failed to distribute Esther's certificates of deposits to the other beneficiaries, and failed to provide an accurate accounting of the trust finances. The proof of service indicates that the secretary of petitioner's attorney mailed a copy of the petition to respondent's attorney, Steven C. Bappert, and to petitioner, Roger, and Neeley, that day. It was not until December 13, 2016, that Bappert filed a general appearance on respondent's behalf, as well as an objection to the Esther Trust petition. Respondent asserted that he was not served with notice of the proceeding under MCL 700.7208, which refers to MCL 700.1401. Respondent had not requested that notice be served on Bappert, so he asserted that the proceeding was not properly initiated.

However, despite raising this defect regarding notice in respondent's objection to the Esther Trust petition, Bappert stated at the hearing held on December 16, 2016:

Just real briefly, Your Honor, I want to waive improper notice, for the record.

The court granted petitioner's motion to invoke jurisdiction over the Esther Trust, but when the final distribution and resolution hearing was held, it was determined that the assets of the Esther Trust flowed into the Wendell Trust, and petitioner needed to file an additional petition related to the Wendell Trust, which petitioner did. The proof of service indicated that the Wendell Trust petition was again served on Bappert, Roger, and Neeley.

On April 16, 2018, Bappert filed an appearance on behalf of respondent, and an objection to the Wendell Trust petition. A hearing was held the same day, and the court asked the parties if they waived any defect in notice to have the outstanding issues on both trusts heard that day even though respondent filed his response the same day as the hearing. Bappert objected to anything related to the Esther Trust being heard because he had only received notice of this hearing regarding the Wendell Trust. Bappert also stated:

Your Honor, first of all, I–I think it's ironic that–to hear some indignation over the improper filing when one of the two of us filed our papers under the court rules, and it was me. I'm sure the [c]ourt is aware [] that objections don't have to be filed three days before, they could be filed any time. I can bring them orally on the record, *and you know, the last time we had a petition in the Kratzer matter, I was served, not my client, and I waived it.* And I said in my pleadings, you can't serve me, you have to serve my client. Again, my client is–or is not served for this hearing today–

The court granted the petition to take jurisdiction over the Wendell Trust, and consolidated the two cases.

On August 9, 2018, the day before the bench trial, respondent filed a third motion in limine. Respondent asserted that petitioner failed to file a trial brief, and provided insufficient

notice of a change in petitioner's financial forensic expert. In the relief requested portion of the motion, respondent wrote:

> For all of the reasons stated above, for the reason that Respondent Successor Trustee has endured prosecution from the Petitioner for almost three years, *for the simple fact that Respondent Successor Trustee still has never been served either of the Petitions in this matter*, for the reasons stated in Respondent Successor Trustee's July 30, 2018 Trial Brief, and for reasons stated in Respondent's Replies to Petitioner's respective Petitions, Respondent Successor Trustee respectfully requests this Court to dismiss the Petitions and award Respondent Successor Trustee his attorney fees and costs.

The next day, August 10, 2018, the court held a hearing on respondent's motions in limine, and a bench trial on both petitions. The court addressed some of the arguments made in respondent's first and second motions in limine, and then testimony was heard.

During respondent's testimony, Bappert told the court, "You know, my client still hasn't been served with any petitions on this matter. He's still not been served." Bappert stated that he did not accept service on respondent's behalf, and Bappert had pleaded that respondent was not served. Rather, the proof of service for the Esther Trust petition listed Bappert for service. Respondent testified that he first learned of this action through paperwork provided to him by Bappert, and respondent had not told petitioner or petitioner's attorney to serve Bappert rather than respondent personally.

The court took a recess for petitioner's attorney to return to his office to obtain the original proof of service. When the court went back on the record, it determined that the proof of service indicated that the Esther Trust petition was not served on respondent. It was served by first class mail on Bappert, Roger, petitioner, and Neeley, but not respondent personally. The court determined that Bappert raised this issue, and respondent testified that he did not receive notice, or request that notice be sent to Bappert. Thus, according to MCL 700.7208 and MCL 700.1401, service was defective, and the court dismissed the matter in its entirety. The court entered the final order denying petitioner's petitions "for the reasons stated on the record," and closed the case.

Petitioner filed a motion for reconsideration of the court's dismissal of the action, arguing that dismissal based on deficient notice was improper because Bappert filed an appearance on respondent's behalf, respondent appeared at every hearing, and Bappert represented respondent in discussions with petitioner's previous attorney before petitioner filed the Esther Trust petition. Also, Bappert did not file or mail his third motion in limine until the day before the hearing, so petitioner did not receive a copy until the hearing.

In denying petitioner's motion for reconsideration, the probate court noted that Bappert represented respondent before petitioner's attorney became involved, but for purposes of the court filings, there was no appearance by Bappert filed at the time the Esther Trust petition was filed and served. Thus, the court determined that:

Testimony taken on August 10, 2018[,] and all Proofs of Service filed in this cause of action make clear that the Successor Trustee Richard Kratzer was not personally served with a petition to commence this cause of action, and since the statute requires that he be personally served or that personal service be waived, and that Mr. Kratzer did not waive such personal service, this jurisdictional requirement was not met and this matter must be dismissed.

## II. ANALYSIS

Petitioner argues that the probate court erred in denying and dismissing her petitions because the statutory notice requirements of MCL 700.1401 were met, and the court improperly dismissed her action based on respondent's motion in limine, which was actually a dispositive motion.

This Court reviews a trial court's decision whether to grant or deny a motion in limine for an abuse of discretion. *Elezovic v Ford Motor Co*, 472 Mich 408, 431; 697 NW2d 851 (2005). An abuse of discretion occurs when the trial court chooses an outcome outside the realm of reasonable and principled outcomes. *Kalaj v Khan*, 295 Mich App 420, 425; 820 NW2d 223 (2012). The issue of waiver is a mixed question of law and fact. *Reed Estate v Reed*, 293 Mich App 168, 173; 810 NW2d 284 (2011). Whether the facts of a particular case constitute waiver is a question of fact, which we review for clear error, but the definition of a waiver is a question of law that we review de novo. *Id*.

The Estates and Protected Individuals Code, MCL 700.1101 *et seq.*, provides the probate court with exclusive jurisdiction over actions brought by a trustee or beneficiary concerning the administration of a trust. MCL 700.7203(1). Such a proceeding

> is initiated by filing a petition in the court and giving notice to interested persons as provided in [MCL 700.1401]. The court may order notification of additional persons. A judgment or order binds each person who is given notice of the proceeding even if not all interested persons are notified. [MCL 700.7208.]

MCL 700.1401(1) provides, in relevant part:

> If notice of a hearing on a petition is required and except for specific notice requirements as otherwise provided by supreme court rule, the petitioner shall cause notice of the time and place of the hearing on the petition to be given to each interested person or the person's attorney if the person has appeared by attorney or requested that notice be sent to the person's attorney.

To provide notice to an interested party, a mailing of a copy of the petition must be sent at least 14 days before the time set for the hearing, or a copy must be personally delivered to the interested party at least seven days before the time set for the hearing. MCL 700.1401(1)(a) and (b). The purpose of notice is to give the opposite party an opportunity to be heard. *Kelley v Hanks*, 140 Mich App 816, 823; 366 NW2d 50 (1985). Michigan law has long recognized that proper notice is essential to ensuring the integrity and fairness of probate proceedings. See *Rice v Hosking*, 105 Mich 303, 307; 63 NW 311 (1895) (recognizing that a person who was not provided with notice of a probate proceeding may have the proceedings declared void).

Petitioner argues that the probate court's ruling was in error because Bappert waived the notice requirement. Waiver is "the intentional relinquishment of a known right that may be shown by express declarations or by declarations that manifest the parties' intent and purpose." *Reed Estate*, 293 Mich App at 176 (quotation marks and citation omitted). "The party alleged to have waived a right must have had both knowledge of the existing right and the intention of forgoing it." *Id*. (quotation marks and citation omitted). "To effectuate a valid waiver, 'no magic language' need be used." *Id*. (citation omitted). "Rather . . . a waiver must simply be explicit, voluntary, and made in good faith." *Id*. (quotation marks and citation omitted). "[T]o ascertain whether a waiver exists, a court must determine if a reasonable person would have understood that he or she was waiving the interest in question." *Id*. (citation omitted).

Under MCR 5.104(B)(1), "[t]he right to notice of hearing may be waived." Such waiver must "be stated on the record at the hearing," or be in writing, and signed and dated by the interested person, or someone authorized on the interested person's behalf. MCR 5.104(B)(1)(a) and (b). Such waiver may be made "on behalf of an interested person whether competent or legally disabled, by an attorney who has previously filed a written appearance." MCR 5.104(B)(3)(c).

Bappert's statement at the December 16, 2016 hearing that he "want[ed] to waive improper notice, for the record[,]" constituted an express waiver of any challenge on the ground of improper notice. *Reed Estate*, 293 Mich App at 176. Bappert acknowledged this express waiver on April 16, 2018, when he stated, "and you know, the last time we had a petition in the Kratzer matter, I was served, not my client, and I waived it." This waiver occurred after Bappert filed a general appearance on respondent's behalf. MCR 5.104(B)(3)(c). Thus, Bappert expressly waived the service requirement relating to the Esther Trust petition on December 16, 2016.

Although the proof of service filed with the Wendell Trust petition was also served on Bappert, rather than respondent personally, and Bappert did not file an appearance in the Wendell Trust case until after the petition was filed, the probate court's dismissal of both petitions was based on the original proof of service filed in relation to the Esther Trust petition only. And although petitioner was directed by the court to file a separate petition related to the Wendell Trust, the probate court ultimately combined the two cases under the original docket number of the Esther Trust Petition. Thus, the Wendell Trust petition was filed and served on Bappert after Bappert filed an appearance related to the Esther Trust petition in the consolidated case.

Petitioner also asserts that the probate court erred in dismissing petitioner's action based on respondent's motion in limine because it was actually a motion for summary disposition.

Respondent's third motion in limine sought to exclude an expert witness at trial, and in the relief requested section, he referenced the fact that respondent had not been personally served with the petitions, and requested dismissal. The purpose of a motion in limine is to preclude evidence at trial. See *Zantop Int'l Airlines, Inc v Eastern Airlines*, 200 Mich App 344, 360; 503 NW2d 915 (1993) ("An order in limine is an instruction not to mention certain facts unless the court's permission is first obtained.); *Lapasinskas v Quick*, 17 Mich App 733, 737 n 1, 170 NW2d 318 (1969) (citation omitted, emphasis original) (defining a motion in limine as " '[A]

motion, heard in advance of jury selection, which asks the court to instruct the defendant, its counsel and witnesses not to mention certain facts *unless and until permission of the court is first obtained outside the presence and hearing of the jury. . . .'* "). Conversely, a motion for summary disposition may be filed to dismiss the action based on improper notice. See MCR 2.116(C)(3) (a ground for filing a motion for summary disposition is insufficient service of process). Although respondent should have more properly filed a motion for summary disposition, this does not affect the outcome of the appeal because the probate court erred in dismissing the petitions due to insufficient notice where Bappert waived the notice requirement.

The probate court order denying petitioner's petitions is vacated, and this matter is remanded for further proceedings. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Jane E. Markey
/s/ Jane M. Beckering